1  Daniel S. Robinson (SBN 244245)          Jean Martin (*Pro Hac Vice*)
   **ROBINSON CALCAGNIE, INC.**             **MORGAN & MORGAN**
2  19 Corporate Plaza Drive                 **COMPLEX LITIGATION GROUP**
   Newport Beach, CA 92660                  201 N. Franklin St., 7th Floor
3  (949) 720-1288; Fax (949) 720-1292       Tampa, FL 33602
   drobinson@robinsonfirm.com               (813) 559-4908; Fax: (813) 223-5402
4                                           jeanmartin@ForThe People.com
   Tina Wolfson (SBN 174806)
5  **AHDOOT & WOLFSON, PC**
   10728 Lindbrook Drive
6  Los Angeles, California 90024
   (310) 474-9111; Fax: 310.474.8585
7  twolfson@ahdootwolfson.com

8  *Co-Lead Counsel for the Proposed Class*

9  [Additional Counsel Listed on the Signature Page]

10

11                    **UNITED STATES DISTRICT COURT**

12                    **CENTRAL DISTRICT OF CALIFORNIA**

13                        **SOUTHERN DIVISION**

14

15                                          Hon. Cormac J. Carney
                                            Courtroom 7C
16
17 *In Re: Ambry Genetics Data Breach*       Lead Case No.: 8:20-cv-00791 CJC
   *Litigation*                             (KESx)
18
19  This Documents Relates To: All          **JOINT CASE MANAGEMENT**
   Cases                                    **CONFERENCE STATEMENT AND**
20                                          **RULE 26(F) REPORT**

21                                          Date: January 11, 2021
22                                          Time: TBD
                                            Courtroom: 7C
23                                          Judge: Hon. Cormac J. Carney
24

25

26

27

28

In accordance with this Court's Revised Case Management Order No. 1 (Dkt. 38), Federal Rules of Civil Procedure 16(a), 16(b), 16(c) and 26(f), and Local Rule 26-1, the parties respectfully submit this Joint Case Management Conference Statement. In advance of filing this Joint Case Management Conference Statement and Rule 26 Report the parties participated in a Rule 26(f) conference on October 1, 2020, attended by counsel for Plaintiffs and Defendants, and continued to meet and confer since the conference.

## I.    STATEMENT OF THE FACTS AND CRITICAL LEGAL ISSUES

Plaintiffs, on behalf of all others similarly situated, bring this data breach action against Ambry Genetics Corporation ("Ambry") and Konica Minolta Precision Medicine, Inc. ("KMPM") (collectively, Ambry and KMPM are referred to as "Defendants") for a data security incident announced by Ambry on or around April 15, 2020, involving the sensitive personally identifiable information ("PII") and protected health information ("PHI") of its patients (collectively, "Sensitive Information"). Plaintiffs allege the exposed Sensitive Information included patients' names, dates of birth, health insurance information, medical information, and for some patients, Social Security Numbers, and other sensitive PII and PHI (the "Data Breach"). Plaintiffs also allege that Defendants failed to implement adequate and reasonable cybersecurity procedures and protocols necessary to protect its patients' Sensitive Information, and such conduct constitutes misuse. Plaintiffs further allege that they have been harmed as a result of the Data Breach and Plaintiffs have had to spend, and will continue to spend, significant amounts of time and money in an effort to protect themselves from the adverse ramifications of the Data Breach and will forever be at a heightened risk of identity theft and fraud. Plaintiffs also allege that although the Data Breach occurred between January 22, 2020 and January 24, 2020, and Ambry reported the Data Breach to government authorities in March 2020, Ambry waited three months before notifying patients, in alleged violation of

JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND RULE 26(F) REPORT

1  the law.

2      Ambry maintains that the subject security incident was limited to a single
3  employee email account, and there is no evidence to date that any specific personal
4  information was actually viewed, acquired, or misused.  Ambry also maintains that
5  upon discovering the unauthorized access late in the afternoon of January 22, 2020,
6  Ambry immediately initiated protocols to prevent further unauthorized access and
7  by Friday, January 24, Ambry's responsive remedial actions had prevented any
8  further access. Ambry further maintains that the notifications sent by Ambry to
9  Plaintiffs informed them, out of an abundance of caution, of the *potential* that
10 personal information *may* have been accessed by unauthorized users. (*See* Notice
11 posted on Ambry's website, https://www.ambrygen.com/legal/substitute-notice
12 ["Our security team identified unauthorized access to an employee's email account
13 between January 22-24, 2020. We promptly initiated an investigation, with the
14 assistance of outside experts. The investigation was unable to determine whether
15 there was unauthorized access to, or acquisition of, any particular information from
16 the email account, and we are not aware of any misuse of any personal information.
17 Nevertheless, we are notifying our customers because customer personal
18 information may have been impacted."].)

19     Ambry further maintains that on March 22, 2020, it notified the United States
20 Department of Health & Human Services, Office for Civil Rights.  On April 17,
21 2020, pursuant to 45 C.F.R. §164.404, Ambry proceeded to notify individuals,
22 including Plaintiffs, of the security incident. Ambry also provided notifications to
23 regulators in 20 U.S. states/territories in which potentially affected individuals were
24 residing, and sent notifications via e-mail prominent media outlets in 45 U.S. states.
25 Ambry maintains that its provision of notice is in full accordance with the law.

26     Ambry also contends that KMPM is not a proper party to this action.

27     The parties reserve their respective rights to amend the statement above at a
28 later date.

JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND RULE 26(F) REPORT

## II.    A SYNOPSIS OF THE PRINCIPAL ISSUES IN THE CASE

The parties state that the following are the principal issues in the case:

<u>Plaintiffs' Statement</u>

1. Whether and, if so, how unauthorized parties were provided access to the PII and PHI of Plaintiffs and putative Class members as a result of the Data Breach;

2. Whether the PII and PHI of Plaintiffs and putative Class members were negligently released as a result of the Data Breach;

3. Whether Plaintiffs suffered damages proximately caused by Defendants;

4. Whether Plaintiffs are entitled to injunctive relief;

5. Whether Defendants breached a duty to Plaintiffs to safeguard their personal information;

6. Whether Defendants violated the California Consumers Legal Remedies Act, Unfair Competition Law, Confidentiality of Medical Information Act, and Customer Records Act; and

7. Whether Plaintiffs' claims are appropriate for class certification.

<u>Ambry's Statement</u>

1. Whether each Plaintiff has standing to assert the various claims in the Consolidated Complaint;

2. Whether Ambry was negligent;

3. Whether any of Plaintiffs' PII or PHI was actually accessed and/or viewed by unauthorized third-parties;

4. Ambry's lack of liability on each claim asserted against it;

5. Plaintiffs' non-entitlement to remedies in connection with their claims; and

6. Whether class certification is appropriate.

JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND RULE 26(F) REPORT

### III.    MOTIONS

No motions are currently pending. Ambry is in the process of analyzing the allegations and claims asserted in the Consolidated Class Action Complaint filed September 21, 2020 (Dkt 39), and anticipates that it may file one or more motions, including motions under Rule 12(b)(1) or Rule 12(b)(6). Plaintiffs anticipate moving to certify a class under Federal Rule of Civil Procedure 23. In addition, one or both parties may file a motion for summary judgment or for partial summary judgment under Federal Rule of Civil Procedure 56.

The Court has entered Revised Case Management Order 1 directing Defendants' potential Pleadings Motions, set forth below.

### IV.    DISCLOSURES

The deadline to provide required initial disclosures is October 19, 2020.

### V.    PROPOSED DISCOVERY PLAN

**A.    Document Preservation**

Plaintiffs' Co-Lead Counsel have served Defendant Ambry with an Evidence Preservation Demand. The parties are meeting and conferring on the scope of evidence preservation, but Ambry contends it has already taken all appropriate safeguards.

**B.    ESI**

Each party requests that each other party provide the following general information: (1) a reasonably particular description of all systems and locations where potentially discoverable information is stored; (2) a list of potentially relevant electronically stored information ("ESI") custodians, including each person's name, job title(s), description of job role(s), time period during which the person held the job title(s), current employer, and if not currently employed by Ambry, the person's current contact information if known; and (3) any layperson or industry terms, code words, nicknames and shorthand references for relevant issues or facts in this case that are reasonably needed to develop appropriate keywords or phrases for culling

JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND RULE 26(F) REPORT

ESI. This information is useful and necessary for developing an appropriate plan for the collection and production of ESI and minimizing the number of successive rounds of document collection and production. The parties are meeting and conferring on a proposed ESI order.

**C.     Protective Order**

The parties are meeting and conferring on a proposed protective order.

**D.     Discovery Limits**

The parties are meeting and conferring on a proposed stipulation that allows discovery beyond the limitations imposed by Federal Rule of Civil Procedure 30.

**E.     Timing of Discovery**

The parties are meeting and conferring on a schedule for depositions and production of documents. In accordance with Rule 26, Plaintiffs have provided Ambry with a draft set of their Requests for Production of Documents, which will be held in abeyance until the aforementioned ESI protocols are finalized between the parties.

**F.     Topics of Discovery**

<u>Plaintiffs' Statement</u>

Plaintiffs intend to proceed with discovery immediately.  Many of the most basic facts about Defendants' data breach are completely unknown to Plaintiffs, including but not limited to the following:

-   the exact number of persons affected by the Data Breach;
-   the exact number of minors affected by the Data Breach;
-   the exact type of information involved in the Data Breach;
-   the number of California residents and residents of other states affected by the Data Breach;
-   how Defendants discovered the Data Breach;
-   how unauthorized parties permitted access to Plaintiffs' PII and PHI;

JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND RULE 26(F) REPORT

- Defendants' basis for asserting Plaintiffs' information has not been further misused as a result of the Data Breach;

- why Defendants allegedly delayed their notification to Plaintiffs and putative class members concerning the Data Breach; and

- measures taken and protocols implemented by Defendants to ensure future data breaches do not occur.

<u>Ambry's Statement</u>

Ambry anticipates seeking discovery on matters which include but are not limited to the following: (1) the representation(s) of Ambry that each Plaintiff alleges to have relied on and/or viewed prior to engaging Ambry's service(s); (2) the alleged agreement(s) between each Plaintiff and Ambry; (3) facts relating to the liability claims each Plaintiff asserts against Ambry; (4) facts relating to the damages claimed by each Plaintiff; (5) facts relating to Ambry's affirmative defenses.

The parties reserve all objections to discovery propounded even if the subject matter is identified by either party above based on the relevance and proportionality standard set forth in Fed. R. Civ. P. 26. Further, the parties reserve all rights to seek discovery outside of the subject matter identified above.

## VI. COMPLEX LITIGATION

This consolidated class action is complex and involves claims on behalf of a putative nationwide class of consumers. The parties agree that relevant provisions from the Manual for Complex Litigation should be consulted as the case progresses.

## VII. RELATED CASES

A related action, *Elizabeth Nakagoshi, et al. v. Ambry Genetics Corporation*, is pending in the Orange County Superior Court, Case No. 30-2020-01143966-CU-NP-CXC. A Request for Dismissal, without prejudice, was filed on September 22, 2020. As of the signing of this Report, the state court has not yet entered the dismissal as requested.

JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND RULE 26(F) REPORT

## VIII.    RELIEF

The parties agree that, before relief can meaningfully be estimated, basic discovery must be conducted.

## IX.    ADR

In accordance with Local Rule 16-15.4, the parties have discussed settlement methods and have agreed on ADR Procedure No. 3 (private mediation). The parties have not set a date for such mediation.

## X.    TRIAL ESTIMATE

Plaintiffs have requested a jury trial for all issues and damages so triable. Although the parties are not yet in a position to provide the Court with an accurate trial estimate, Plaintiffs currently estimate a trial taking between 10 and 14 days. Defense estimates approximately a 30-60 day trial depending on the potential number of witnesses. These estimates may be modified as discovery proceeds.

## XI.    TRIAL COUNSEL

For Plaintiffs: Daniel Robinson, Jean S. Martin, and Tina Wolfson, and potentially other members of Plaintiffs' leadership committee.

For Defendants: Craig J. Mariam, Hazel Mae B. Pangan, Peggy E. Kozal, Raymond J. Muro, and potentially other attorneys at Gordon Rees Scully Mansukhani, LLP.

## XII.    SCHEDULING

The parties agree on the following proposed dates:

| | |
|---|---|
| Deadline to exchange initial disclosures | October 19, 2020 |
| Deadline for Defendants to File Responsive Pleading | November 2, 2020 |
| Deadline for Plaintiffs to File Opposition to Responsive Pleading | December 9, 2020 |
| Deadline for Reply in Support of | December 21, 2020 |

JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND RULE 26(F) REPORT

| Responsive Pleading | |
|---|---|
| Hearing on Pleadings Motions/Status Conference | January 11, 2021 |

The parties agree that further status conferences, deadlines, including a schedule for class certification, factual and expert discovery deadlines, and trial, should be set at the Continued Case Management Conference after the Court's decision on Defendants' pleadings motions.

### XIII. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

At this time, Plaintiffs know of no such interested entity or persons other than the named parties in this action. Ambry maintains that Konica Minolta Precision Medicine, Inc., is not an appropriate party.

Ambry certifies that the following listed entities may have a pecuniary interest in the outcome of this case: Columbia Casualty Company; Hiscox, Inc.; Konica Minolta PM., Inc.

Dated: October 5, 2020                    By: _/s/ Daniel S. Robinson_

Daniel S. Robinson (SBN 244245)
Wesley K. Polischuk (SBN 254121)
Michael W. Olson (SBN 312857)
**ROBINSON CALCAGNIE, INC.**
19 Corporate Plaza Drive
Newport Beach, CA 92660
(949) 720-1288; Fax (949) 720-1292
drobinson@robinsonfirm.com
wpolischuk@robinsonfirm.com
molson@robinsonfirm.com

Jean S. Martin (Admitted Pro Hac Vice)
Ryan J. McGee (Admitted Pro Hac Vice)
**MORGAN & MORGAN
COMPLEX LITIGATION GROUP**
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
(813) 559-4908; Fax (813) 222-4795
jeanmartin@ForThePeople.com
rmcgee@ForThePeople.com

Tina Wolfson (SBN 174806)
Bradley K. King (SBN 274399)
**AHDOOT & WOLFSON, PC**
10728 Lindbrook Drive
Los Angeles, CA 90024
(310) 474.9111; Fax 310.474.8585
twolfson@ahdootwolfson.com
bking@ahdootwolfson.com

*Plaintiffs' Co-Lead Counsel*

Gary E. Mason (Pro Hac Vice Forthcoming)
**MASON LIETZ & KLINGER LLP**
5101 Wisconsin Ave., NW, Ste. 305
Washington, DC 20016
(202) 640-1160
gmason@masonllp.com

Melissa R. Emert (Pro Hac Vice
Forthcoming)
**KANTROWITZ GOLDHAMER &
GRAIFMAN, P.C.**
747 Chestnut Ridge Road
Chestnut Ridge, New York 10977
(845) 356-2570; Fax (845) 356-4335
ggraifman@kgglaw.com
Plaintiffs' Executive Committee

*Attorneys for Plaintiffs and the Proposed
Class*

Dated: October 5, 2020        By:   */s/ Craig J. Mariam*
                                   Craig J. Mariam
                                   Hazel Mae B. Pangan
                                   Raymond J. Muro
                                   **GORDON REES SCULLY
                                   MANSUKHANI, LLP**
                                   633 West Fifth Street, 52nd Floor
                                   Los Angeles, CA 90071
                                   (213) 576-5000; Fax: (877) 306-0043
                                   cmariam@grsm.com
                                   hpangan@grsm.com
                                   rmuro@grsm.com

                                   *Attorneys for Defendants*

JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND RULE 26(F) REPORT

1

## **ATTESTATION OF FILER**

2

3

4

5

6

Pursuant to Local Rule 5-4.3.4, the undersigned filer hereby attests that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: October 5, 2020

_/s/ Daniel S. Robinson_
Daniel S. Robinson

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND RULE 26(F) REPORT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 5, 2020, I caused the foregoing to be filed electronically using the Court's electronic case filing (ECF) system, which will automatically send a notice of electronic filing to the email addresses of all counsel of record.

Dated: October 5, 2020

*/s/ Daniel S. Robinson*
Daniel S. Robinson

JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND RULE 26(F) REPORT