1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| *In Re: Ambry Genetics Data Breach Litigation*<br><br>This Document Relates To:<br>All Actions | Honorable Cormac J. Carney<br><br>Lead Case No.:  8:20-cv-00791 CJC (KESx)<br><br>**CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE** |

**CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE**

**CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE**

This Class Action Settlement Agreement and Release is made and entered into by and among the Class Representatives,[1] for themselves individually and on behalf of the Settlement Class, and Defendant Ambry Genetics Corporation. This Agreement is intended by the Parties to fully, finally, and forever resolve, discharge, and settle all of Plaintiffs' Released Claims, upon and subject to the terms and conditions hereof, and subject to the Court's approval.

## I.   BACKGROUND

WHEREAS, on or about April 15, 2020, Ambry announced unauthorized parties accessed an employee's email account between January 22-24, 2020, which contained the Protected Health Information ("PHI") and Personally Identifiable Information ("PII") of approximately 225,370 individuals ("Data Breach"). The information is alleged to have included individual's names, dates of birth, health insurance information, medical information, and for some patients, Social Security Numbers, diagnosis information, and other sensitive information.

WHEREAS, following Ambry's announcement of the Data Breach, four class action complaints related to the Data Breach were filed against Ambry, and on June 16, 2020, those cases were deemed related and consolidated before the Honorable Cormac J. Carney of the Central District of California, Southern Division. (Dkt. 30.) On August 24, 2020, the Court appointed Daniel S. Robinson of Robinson Calcagnie, Inc., Tina Wolfson of Ahdoot & Wolfson, PC, and Jean Martin of Morgan & Morgan Complex Litigation Group as Co-Lead Interim Class Counsel, and appointed a Plaintiffs' Steering Committee consisting of attorneys from two other law firms. (Dkt. 37.)

WHEREAS, on November 20, 2020, Defendants moved to dismiss the

---

[1] Except as otherwise specified, capitalized words and terms herein shall have the meanings ascribed in Paragraph IV.A. herein entitled "Definitions."

**CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE**

Consolidated Complaint that had been filed on September 21, 2020, and, pursuant to a joint stipulation entered by the Court, Plaintiffs filed a First Amended Complaint on December 9, 2020. (Dkt. 57.)

WHEREAS, on January 15, 2021, Defendants moved to dismiss the First Amended Complaint which, after briefing, the Court granted on April 7, 2021, providing Plaintiffs fourteen days to amend the complaint. (Dkt. 68.)

WHEREAS, on April 21, 2021, Plaintiffs filed a redacted Second Amended Complaint (Dkt. 70), which Plaintiffs sought to file under seal, but which filing Defendants opposed because of a claim of privilege asserted by Defendants (Dkt. 72.)

WHEREAS, on May 20, 2021, Defendants moved to dismiss the Second Amended Complaint and moved to strike allegations in the Second Amended Complaint that referred to material Defendants claimed was privileged, and which added an additional named plaintiff to the case. (Dkt. 75-75.)

WHEREAS, on June 21, 2021, Plaintiffs filed their Oppositions to both motions (Dkt. 81-83) and, on June 25, 2021, Plaintiffs moved the Court for permission to file the unredacted Second Amended Complaint under seal, which the Court granted on July 16, 2021. (Dkt. 86.)  Following additional briefing by the parties, on July 30, 2021, the Court denied Defendants' motions without prejudice. (Dkt. 92.)

WHEREAS, on August 13, 2021, the parties stipulated to add the additional plaintiff to the Second Amended Complaint, and Defendants subsequently moved to dismiss the complaint. Following briefing and oral argument, on October 18, 2021, the Court granted in part and denied in part Defendants' motion. (Dkt. 109.) That same day, the Court issued an order requiring Plaintiffs to file the unredacted Second Amended Complaint on the public docket (Dkt. 110), which Plaintiffs complied with on October 25, 2021. (Dkt. 112.)

WHEREAS, on November 15, 2021, Defendants moved to dismiss the Third

**CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE**

Amended Complaint (Dkt. 120), which was followed by a meet and confer of the parties and a stipulation providing Plaintiffs with leave to file a Fourth Amended Complaint (Dkt. 125.)

WHEREAS, on December 13, 2021, Plaintiffs filed the operative Fourth Amended Complaint. (Dkt. 126.) On January 10, 2022, Defendants moved to dismiss the Fourth Amended Complaint (Dkt. 128), which Plaintiffs opposed on January 24, 2022. (Dkt. 130.)

WHEREAS, since Plaintiffs filed the Consolidated Class Action Complaint, and while the many motions to dismiss were briefed and being decided, Plaintiffs and Defendants engaged in substantial written discovery, document production, and extensive negotiations regarding the scope of discovery, requiring Plaintiffs and Defendants to meet and confer numerous times.

WHEREAS, the Parties for months engaged in extensive arm's length settlement discussions and, on January 26, 2022, participated in a full-day mediation session before the Honorable Jay C. Gandhi (Ret.), and while there was no resolution at the mediation, ongoing discussions subsequent to the mediation resulted in an agreement in principle to resolve the Action.

WHEREAS, since the Parties reached an agreement in principle, the parties have engaged in additional confirmatory discovery.

WHEREAS, pursuant to the terms set forth below, this Agreement resolves all Claims, actions, and proceedings asserted, or that could be asserted, against Defendants arising out of or related to the Data Breach, by or on behalf of members of the Settlement Class herein defined, but excluding the rights of Class Members who opt out from the Settlement Class after receiving notice of this Settlement.

## II.    PLAINTIFFS' CLAIMS AND BENEFITS OF THE SETTLEMENT

WHEREAS, Plaintiffs and Class Counsel have conducted a thorough examination of the law and facts relating to the matters at issue in the Action regarding Plaintiffs' claims and the Defendants' potential defenses, including

1   conducting significant discovery, as well as an assessment of the merits of Plaintiffs'
2   expected arguments in a motion for class certification.  Based on an analysis of the
3   facts and the law applicable to Plaintiffs' claims in the Action, and taking into
4   account the burden and expense of such continued litigation, including the risks and
5   uncertainties associated with class certification, a protracted trial and appeal(s), as
6   well as the fair, cost-effective, and assured method of resolving the claims of the
7   Settlement Class, Plaintiffs and Class Counsel believe that resolution is an
8   appropriate and reasonable means of ensuring that the Class is afforded important
9   benefits and protections as expediently as possible.  Plaintiffs and Class Counsel have
10  also taken into account the uncertain outcome and the risk of further litigation, as
11  well as the difficulties and delays inherent in such litigation.

12          WHEREAS, Plaintiffs and Class Counsel believe that the terms set forth in
13  this Agreement confer substantial benefits upon the Settlement Class and have
14  determined that they are fair, reasonable, adequate, and in the best interests of the
15  Class.

16          WHEREAS, Defendants similarly have concluded that this Agreement is
17  desirable in order to avoid the time, risk, and expense of defending protracted
18  litigation, and to resolve finally and completely the claims of Plaintiffs and the
19  Settlement Class.

20  **III.    FOR SETTLEMENT PURPOSES ONLY**

21          WHEREAS, this Agreement, whether or not consummated, and any actions or
22  proceedings taken pursuant to this Agreement, are for settlement purposes only and
23  Defendants specifically deny any and all wrongdoing.  The existence of, terms in,
24  and any action taken under or in connection with this Agreement shall not constitute,
25  be construed as, or be admissible in evidence of, any admission by Defendants of (i)
26  the validity of any claim, defense or fact asserted in the Action or any other pending
27  or future action, or (ii) any wrongdoing, fault, violation of law, or liability of any
28  kind on the part of the Parties.

**CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE**

## IV.    TERMS OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and among Plaintiffs, individually and on behalf of the Settlement Class, and Defendants that, subject to Court approval, the Action and Plaintiffs' Released Claims shall be finally and fully compromised, settled, and released, and a Judgment and Final Approval Order shall be entered subject to the following terms and conditions of this Settlement Agreement.

### A.    Definitions

As used herein, in addition to any definitions set forth elsewhere in this Agreement, the following terms shall have the meanings set forth below:

1.    "*Action*" means the consolidated class action captioned *In Re: Ambry Genetics Data Breach Litigation*, Case No. 8:20-cv-00791, now pending before the Honorable Cormac J. Carney in the United States District Court for the Central District of California, Southern Division.

2.    "*Administrative Expenses*" means all of the expenses incurred in the administration of this Settlement, including, without limitation, all Notice Expenses, locating Settlement Class Members, determining the eligibility of any person to be a Settlement Class Member, administrating and processing Settlement Class Member claims and Claim Forms, and administering, calculating, and distributing the Settlement Fund to Settlement Class Members. Administrative Expenses also include all reasonable third-party fees and expenses incurred by the Settlement Administrator in administering the terms of this Agreement.

3.    "*Agreement*," "*Settlement Agreement*," and/or "*Settlement*" mean this Class Action Settlement Agreement and Release (including all exhibits and attachments hereto).

4.    "*Approved Claim*" means a claim as evidenced by a Claim Form submitted by a Settlement Class Member that (a) is timely and submitted in accordance with the directions on the Claim Form and the terms of this Agreement;

(b) satisfies the conditions of eligibility for a Settlement Benefit as set forth herein; and (c) has been approved by the Settlement Administrator; or (d) otherwise is accepted by the Court.

5. *"California Settlement Subclass"* or *"California Subclass"* mean and include the 25,754 patients who were citizens or residents of California as identified on the Settlement Class List and those Settlement Class Members who can provide Reasonable Documentation demonstrating they were a California citizen or resident during the Settlement Class Period.

6. *"Claimant"* means a Settlement Class Member who submits a Claim Form for a Settlement Payment.

7. *"Claim Form"* means the form attached hereto as **Exhibit A**, as approved by the Court.  The Claim Form must be submitted physically (*via* U.S. Mail) or electronically (*via* the Settlement Website) by Settlement Class Members who wish to file a claim for their given share of the Settlement Benefits pursuant to the terms and conditions of this Agreement. The Claim Form shall be available for download from the Settlement Website.  The Settlement Administrator shall mail a Claim Form, in hardcopy form, to any Settlement Class Member who so requests.

8. *"Claims Deadline"* means the date by which all Claim Forms must be submitted electronically or postmarked to be considered timely and shall presumptively be set as the date 90 days after the Notice Date, or such other date as the Court may order.  The Claims Deadline shall be clearly set forth in the Long Form Notice, the Summary Notice, the Claim Form, and the Court's order granting Preliminary Approval.

9. *"Claims Period"* means the period of time during which Settlement Class Members may submit Claim Forms to receive their given share of the Settlement Benefits and presumptively shall commence on the Notice Date and shall end on the date 90 days thereafter, or such other date as the Court may order.

10. *"Class Counsel"* means attorneys Daniel S. Robinson of

**CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE**

Robinson Calcagnie, Inc., Tina Wolfson of Ahdoot & Wolfson, PC, and Jean Martin of Morgan & Morgan Complex Litigation Group.

11.   "*Class Representatives*" and "*Plaintiffs*" mean Plaintiffs Alma Fidela Cercas, Kaitlyn Nakagoshi, Michele Pascoe, Colette Domingues, Marion Farrier, Rosemary O'Hara, Michael Annoni, Lisa Neumann, Cheryl Terrano, Sandra Brodsky, Ariann Tagioli, Debra Volk, Beth Velardi, Rachel Harkness, Benjamin Cooperson II, Laura Jasielum, Debera Hensley, Linda Stewart, Ann Hoekstra, Rula Kanawati, Elizabeth Nakagoshi, individually and as parent and guardian of E.N., Jill Barduca, Jonee Coleman, Debora Pancoast and Nicole McMurphy.

12.   "*Complaint*" means the Fourth Amended Consolidated Class Action Complaint filed in the Action on December 13, 2021, as Docket Number 126.

13.   "*Court*" means the United States District Court for the Central District of California, Southern Division, the Honorable Cormac J. Carney (or any judge sitting in his stead or to whom the Action may be transferred) presiding.

14.   "*Credit Monitoring and Identity Theft Insurance Services*" means the services to be provided to Participating Settlement Class Members by Identity Guard referred to as the "Individual Total Plan" (*see* www.identityguard.com/plans/total), as further set forth in Paragraph IV.E.80. of this Agreement.

15.   "*Data Breach*" refers to the data breach that is the subject of this Action, announced by Defendants in April 2020, whereby unauthorized parties accessed an employee's email account between January 22-24, 2020, which allegedly contained the PHI and PII of approximately 225,370 individuals.  The information potentially included individual's names, dates of birth, health insurance information, medical information, and for some patients, Social Security Numbers, diagnosis information, and other sensitive information.

16.   "*Default Time*" refers to the time spent by a Settlement Class Member for attempting to remedy or remedying issues fairly traceable to the Data

Breach (including time spent on any identity fraud, theft, or other fraud; purchasing credit reports, credit monitoring or identity theft protection; placing a freeze or alert on credit reports; reviewing medical or other records that may have been compromised by, resulted from, or affected by fraud; and replacing a driver's license, state identification card, or social security number).

17.   "***Defendants***" means, collectively, Ambry Genetics Corporation and REALM IDx, Inc. (f/k/a Konica Minolta Precision Medicine, Inc.).

18.   "***Defendants' Counsel***" means attorney Craig J. Mariam of Gordon Rees Scully and Mansukhani LLP on behalf of Ambry Genetics Corporation and REALM IDx, Inc.

19.   "***Documented Time***" refers to time actually spent by a Settlement Class Member supported by Reasonable Documentation for attempting to remedy or remedying issues fairly traceable to the Data Breach (including time spent on any identity fraud, theft, or other fraud; purchasing credit reports, credit monitoring or identity theft protection; placing a freeze or alert on credit reports; reviewing medical or other records that may have been compromised by, resulted from, or affected by fraud; and replacing a driver's license, state identification card, or social security number).

20.   "***Effective Date***" means one business day following the latest of: (i) the date upon which the time expires for filing or noticing any appeal of the Final Approval Order and Judgment; (ii) if there is an appeal or appeals, the date of completion, in a manner that finally affirms and leaves in place the Final Approval order and Judgment without any material modification, of all proceedings arising out of the appeal(s) (including, but not limited to, the expiration of all deadlines for motions for reconsideration or petitions for review and/or certiorari, all proceedings ordered on remand, and all proceedings arising out of any subsequent appeal(s) following decisions on remand); or (iii) the date of final dismissal of any appeal or

the final dismissal of any proceeding on certiorari with respect to the Final Approval

Order and Judgment.

21.     "*Fee Award and Costs*" means the amount of attorneys' fees and

reimbursement of Litigation Costs awarded by the Court to Class Counsel.

22.     "*Final Approval Order and Judgment*" means, collectively, an

order and a judgment that the Court enters after the Final Fairness Hearing, which

finally approve the Settlement Agreement and dismiss the Action with prejudice and

without material change to the Parties' agreed-upon proposed final approval order

and judgment, which are attached hereto as **Exhibit B and Exhibit C**, respectively.

23.     "*Final Fairness Hearing*" or "*Fairness Hearing*" mean the

hearing to be conducted by the Court to determine the fairness, adequacy, and

reasonableness of the Settlement Agreement pursuant to Federal Rule of Civil

Procedure 23 and whether to issue the Final Approval Order and Judgment.  The

Parties shall request that the Court schedule the Fairness Hearing for a date that

complies with the provisions of 28 U.S.C. §1715(d).

24.     "*Illinois Settlement Subclass*" or "*Illinois Subclass*" mean and

include the 7,172 patients who were citizens or residents of Illinois as identified on

the Settlement Class List and those Class Members who can provide Reasonable

Documentation demonstrating they were an Illinois citizen or residents during the

Settlement Class Period.

25.     "*Litigation Costs*" means costs and expenses incurred by Class

Counsel in connection with commencing, prosecuting, and settling the Action.

26.     "*Long Form Notice*" means the long form notice of settlement,

substantially in the form attached hereto as **Exhibit E**.

27.     "*Net Settlement Fund*" means the amount of funds that remain in

the Settlement Fund after funds are paid from or allocated for payment from the

Settlement Fund for the following: (i) reasonable Administrative Expenses incurred

pursuant to this Settlement Agreement, (ii) Taxes, (iii) the expenses associated with

procuring Credit Monitoring and Identity Theft Insurance Services on behalf of the Participating Settlement Class Members, (iv) any Service Awards approved by the Court, and (v) any Fee Award and Costs approved by the Court.

28. "***Non-Profit Residual Recipient***" means the Electronic Frontier Foundation, a 26 U.S.C. 501(c)(3) non-profit organization.

29. "***Notice Date***" means the date upon which Settlement Class Notice is first disseminated to the Settlement Class, which shall be within 21 days of the Settlement Administrator receiving the Settlement Class List from Defendants, or such other date as the Court may order.

30. "***Notice Expenses***" means all reasonable costs and expenses expended in the execution of the Notice Plan, including (i) all costs and expenses incurred in connection with preparing, printing, mailing, disseminating, posting, promoting, emailing, hosting on the Internet, and publishing the Settlement Class Notice, identifying members of the Settlement Class, and informing them of the Settlement, and (ii) any other reasonable and necessary Notice and Notice related expenses.

31. "***Notice Plan***" means the plan described in this Agreement for disseminating Notice to the Settlement Class Members of the terms of this Agreement and the Fairness Hearing.

32. "***Objection Deadline***" means the date by which Settlement Class Members must file and postmark all required copies of any written objections, pursuant to the terms and conditions herein, to this Settlement Agreement and to any application and/or motion for (i) the Fee Award and Costs, and/or (ii) the Service Awards, which shall be 60 days following the Notice Date, or such other date as the Court may order.

33. "***Opt-Out Period***" means the period in which a Settlement Class Member may submit a Request for Exclusion, pursuant to the terms and conditions herein, which shall expire 60 days following the Notice Date, or such other date as

the Court may order. The deadline for filing a Request for Exclusion will be clearly set forth in the Settlement Class Notice.

34. "***Out-of-Pocket Costs***" means out-of-pocket costs or expenditures supported by Reasonable Documentation that a Settlement Class Member actually incurred, including, but not limited to, unreimbursed losses and consequential expenses (including credit-related costs related to purchasing credit reports, credit monitoring, or identity theft protection; costs to place a freeze or alert on credit reports; costs incurred retrieving medical records; and costs to replace a driver's license, state identification card, or social security number) that are fairly traceable to the Data Breach and incurred on or after January 22, 2020.

35. "***Participating Settlement Class Member***" means a Settlement Class Member who submits a valid Claim approved by the Settlement Administrator for their given share of the Settlement Benefits pursuant to the terms and conditions of this Agreement, or who otherwise cash or deposit a check for a Subclass Payment.

36. "***Parties***" means, collectively, the Class Representatives and Ambry Genetics Corporation.

37. "***Person***" means any individual, corporation, trust, partnership, limited liability company or other legal entity and their respective predecessors, successors or assigns.

38. "***PII***" and "***Personally Identifying Information***" mean information that identifies, relates to, describes, is capable of being associated with, or could reasonably be linked, directly or indirectly, with a particular consumer or household, and includes, but is not limited to, names, dates of birth, Social Security Numbers, and other similar identifying information of Plaintiffs and Class members.

39. "***Plaintiffs' Counsel***" means Class Counsel and those law firms appointed to the Plaintiffs' Steering Committee by the Court on August 24, 2020.

40. "***Preliminary Approval Order***" means the Court's Order preliminarily approving the Settlement without material modifications to the

**CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE**

proposed order or this Agreement that are unacceptable to the Parties. A Proposed Preliminary Approval Order is attached to this Agreement as **Exhibit D**.

41. *"Protected Health Information"* and *"PHI"* means any individually identifiable information, in electronic or physical form, in possession of or derived from a provider of health care, health care service plan, pharmaceutical company, or contractor regarding a patient's medical history, mental or physical condition, or treatment, and includes, but is not limited to, health insurance information, medical information, diagnosis information, and other sensitive medical information.

42. "*Reasonable Documentation*" means documentation supporting a claim for Out-of-Pocket Costs and/or Documented Time, or documentation demonstrating a Settlement Class Member was a California or Illinois citizen or resident during the Settlement Class Period, and includes, but not limited to, medical records, credit card statements, bank statements, invoices, utility bills, telephone records, and receipts.

43. "*Released Claims*" means any and all claims or causes of action of every kind and description, including any causes of action in law, claims in equity, complaints, suits or petitions, and any allegations of wrongdoing, demands for legal, equitable or administrative relief (including, but not limited to, any claims for injunction, rescission, reformation, restitution, disgorgement, constructive trust, declaratory relief, compensatory damages, consequential damages, penalties, exemplary damages, punitive damages, attorneys' fees, costs, interest or expenses) that the Releasing Parties had or have (including, but not limited to, assigned claims and any and all "Unknown Claims" as defined below) that have been or could have been asserted against any of the Released Parties and related to, arising out of, or connected with the Action, based on one or more of the same factual predicates as the Action, in any court, tribunal, forum or proceeding, regardless of whether the

claims or causes of action are based on federal, state, or local law, statute, ordinance, regulation, contract, common law, or any other source.

44.   "*Released Parties*" means Defendants and their respective predecessors, successors, assigns, parents, subsidiaries, divisions, affiliates, departments, and any and all of their past, present, and future officers, directors, employees, stockholders, partners, servants, agents, successors, attorneys, representatives, insurers, reinsurers, subrogees and assigns of any of the foregoing, as well as Plaintiffs and Class Counsel.  Each of the Released Parties may be referred to individually as a "Released Party."

45.   "*Releasing Parties*" means Plaintiffs; any Person in the Settlement Class, including those submitting or not submitting a claim for a Settlement Benefit; and each of their respective heirs, associates, co-owners, attorneys, agents, administrators, executors, devisees, predecessors, successors, assignees, representatives of any kind, shareholders, partners, directors, employees or affiliates.  For minor children, "Releasing Parties" also includes their parents, guardians, guardian ad litem, and any like fiduciary.  Each of the Releasing Parties may be referred to individually as a "Releasing Party."

46.   "*Request for Exclusion*" is the written communication by a Settlement Class Member in which he or she requests to be excluded from the Settlement Class.

47.   "*Service Awards*" means the amount of remuneration to be paid to the Class Representatives in recognition of their efforts on behalf of the Settlement Class, in an amount to be ordered by the Court, as set forth in Section IV.K.

48.   "*Settlement Administrator*" means the qualified third-party administrator and agent agreed to by the Parties and approved and appointed by the Court in the Preliminary Approval Order to administer the Settlement, including providing the Notice.  The Parties agree to recommend that the Court appoint Simpluris, Inc. as Settlement Administrator to design, consult on, and implement the

Notice and related requirements of this Agreement; implement the Notice, the Settlement Website, the submission and review of Claim Forms, and related requirements of this Agreement, subject to the Court's approval.

49.   "*Settlement Benefits*" means the total value of benefits Settlement Class Members receive pursuant to this Agreement, including non-monetary benefits and relief and Administrative Expenses.

50.   "*Settlement Class*" means and includes the approximately 225,370 patients who are identified on the Settlement Class List, including Plaintiffs, whose PHI and PII was allegedly contained in an employee's compromised email account in the Data Breach.  Excluded from the Settlement Class are: (1) the Judges presiding over the Action, and members of their families; (2) the Defendants, their subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendants or their parents have a controlling interest and their current or former officers, directors, and employees; (3) Persons who properly execute and submit a Request for Exclusion prior to the expiration of the Opt-Out Period; and (4) the successors or assigns of any such excluded Persons.

51.   "*Settlement Class List*" means the list generated by Defendants containing the last known name and mailing address for all persons that fall under the definition of the Settlement Class, which Defendants will confidentially provide to the Settlement Administrator (and no other entity or individual who does not already have such list) within fourteen (14) days of the Preliminary Approval Order.

52.   "*Settlement Class Member*" or "*Class Member*" means a Person who falls within the definition of the Settlement Class and who does not submit a valid Request for Exclusion prior to the expiration of the Opt-Out Period.

53.   "*Settlement Class Notice*" or "*Notice*" means the form of Court-approved notice of this Agreement that is disseminated to the Settlement Class.  The Settlement Class Notice shall consist of the Summary Notice and the Long Form Notice.

54.     *"Settlement Class Period"* means the period of approximately three years prior to the Data Breach to Settlement Class Members having had their PHI and/or PII potentially accessed by unauthorized parties during the Data Breach, and shall commence on January 22, 2017, and shall end on the date of the Preliminary Approval Order.

55.     *"Settlement Fund"* means the non-reversionary cash fund that shall be funded by Defendants as specified in Paragraphs IV.D. of this Agreement, in the total amount of Twelve Million Two-Hundred and Fifty Thousand Dollars and No Cents ($12,250,000.00), including any interest accrued thereon after payment.

56.     *"Settlement Payment"* means any payment to be made to any Participating Settlement Class Member on Approved Claims pursuant to Section IV.E. of this Agreement.

57.     *"Settlement Website"* means the Internet website, with the following URL address, to be created, launched, and maintained by the Settlement Administrator, and which allows for the electronic submission of Claim Forms and Requests for Exclusion, and provides access to relevant case documents including the Settlement Class Notice, information about the submission of Claim Forms, and other relevant documents, including downloadable Claim Forms: www.ambrybreachsettlement.com.

58.     *"Subclass Payment Settlement Fund"* means the sum of Four Million and Nine Hundred and Thirty-Eight Thousand and Nine Hundred Dollars and No Cents ($4,938,900.00), which shall be set aside from the Net Settlement Fund to provide Subclass Payments to members of the California Settlement Subclass and Illinois Settlement Subclass as set forth herein.

59.     *"Summary Notices"* means the summary notices of the proposed Settlement herein, substantially in the form attached hereto as **Exhibit F and Exhibit G**.

60.     *"Taxes"* means (i) any and all applicable taxes, duties, and similar

charges imposed by a government authority (including any estimated taxes, interest or penalties) arising in any jurisdiction, if any, with respect to the income or gains earned by or in respect of the Settlement Fund, including, without limitation, any taxes that may be imposed upon Defendants or their counsel with respect to any income or gains earned by or in respect of the Settlement Fund for any period while it is held in the Settlement Fund; (ii) any other taxes, duties and similar charges imposed by a government authority (including any estimated taxes, interest or penalties) relating to the Settlement Fund that the Settlement Administrator determines are or will become due and owing, if any; and (iii) any and all expenses, liabilities and costs incurred in connection with the taxation of the Settlement Fund (including without limitation, expenses of tax attorneys and accountants).

61.    "*Unknown Claims*" shall have the meaning set forth in Paragraph IV.C.67. of this Agreement.

**B.    Required Events and Cooperation by Parties**

62.    Preliminary Approval.    Class Counsel shall submit this Agreement to the Court and shall move the Court to enter the Preliminary Approval Order, in the form attached as **Exhibit D**.

63.    Cooperation.    The Parties shall, in good faith, cooperate, assist, and undertake all reasonable actions and steps in order to accomplish all requirements of this Agreement on the schedule set by the Court, subject to the terms of this Agreement.

64.    Certification of the Settlement Class.    For purposes of this Settlement only, Plaintiffs and Defendants stipulate to the certification of the Settlement Class, which is contingent upon the Court entering the Final Approval Order and Judgment of this Settlement and the occurrence of the Effective Date. Should: (1) the Settlement not receive final approval from the Court, or (2) the Effective Date not occur, the certification of the Settlement Class shall be void. Defendants reserve the right to contest class certification for all other purposes.

Plaintiffs and Defendants further stipulate to designate the Class Representatives as the representatives for the Settlement Class.

65.   Final Approval.  Class Counsel shall move the Court for a Final Approval Order and Judgment of this Settlement, to be issued following the Fairness Hearing; within a reasonable time after the Claims Deadline, Objection Deadline, and Opt-Out Period; and at least ninety (90) days after Defendants cause the Settlement Administrator to notify the appropriate government officials of this Settlement Agreement pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

**C.   Releases**

66.   The Release.  Upon the Effective Date, and in consideration of the Settlement Benefits described herein, each Releasing Party shall be deemed to have released, acquitted, and forever discharged Defendants and each of the Released Parties from any and all Released Claims.

67.   Unknown Claims. The Released Claims include the release of Unknown Claims.  "Unknown Claims" means claims that could have been raised in the Action and that Plaintiffs, any member of the Settlement Class or any Releasing Party, do not know or suspect to exist, which, if known by him, her or it, might affect his, her or its agreement to release the Released Parties or the Released Claims or might affect his, her or its decision to agree, object or not to object to the Settlement. Upon the Effective Date, Plaintiffs, the Settlement Class, and any Releasing Party shall be deemed to have, and shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code, which provides as follows:

> **A GENERAL RELEASE DOES NOT EXTEND TO**
> **CLAIMS THAT THE CREDITOR OR RELEASING**
> **PARTY DOES NOT KNOW OR SUSPECT TO**
> **EXIST IN HIS OR HER FAVOR AT THE TIME OF**

**EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

Upon the Effective Date, each of the Releasing Parties shall be deemed to have, and shall have, waived any and all provisions, rights and benefits conferred by any law of any state, the District of Columbia or territory of the United States, by federal law, or principle of common law, or the law of any jurisdiction outside of the United States, which is similar, comparable or equivalent to Section 1542 of the California Civil Code.  Plaintiffs, the Settlement Class, and the Releasing Parties acknowledge that they may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of the Release, but that it is their intention to finally and forever settle and release the Released Claims, including but not limited to any Unknown Claims they may have, as that term is defined in this Paragraph.

68.   <u>Exclusive Remedy</u>.   This Agreement shall be the sole and exclusive remedy of the Releasing Parties against any of the Released Parties relating to any and all Released Claims.  Upon the entry of the Judgment, each and every Releasing Party shall be permanently barred and enjoined from initiating, asserting and/or prosecuting any Released Claim(s) against any of the Released Parties in any court, arbitration, tribunal, forum or proceeding.

69.   <u>Jurisdiction of the Court</u>.  The Parties agree that the Court shall retain exclusive and continuing jurisdiction over the above-captioned Action, the Parties, Settlement Class Members, and the Settlement Administrator in order to interpret and enforce the terms, conditions, and obligations of this Agreement.

**D.    Settlement Fund**

70.   <u>Deposits</u>.   Defendants agree to make a payment of Twelve

Million and Two-Hundred and Fifty Thousand Dollars and No Cents ($12,250,000.00), and deposit that payment into the Settlement Fund as follows: (i) Defendants shall ensure payment is sent to be deposited into the Settlement Fund fifteen (15) business days after the Court enters the Preliminary Approval Order a sufficient amount to cover costs associated with the Notice Plan and other Administrative Expenses incurred prior to entry of the Final Approval Order and Judgment and the cost to provide Credit Monitoring and Identity Theft Insurance Services  (which shall be no less than the total aggregate of the approved bid of the proposed Settlement Administrator and the approved bid for the Credit Monitoring and Identity Theft Insurance Services), and shall not exceed Two Million Two-Hundred and Fifty Thousand and No Cents ($2,250,000.00); and (ii) Defendants shall ensure payment of the remaining amount is sent to be deposited into the Settlement Fund fifteen (15) Business Days after the Court enters the Final Approval Order and Judgment.  For the avoidance of doubt, and for purposes of this Settlement Agreement only, Defendants' liability shall not exceed Twelve Million Two-Hundred and Fifty Thousand Dollars and No Cents ($12,250,000.00), absent an express written agreement between the Parties to the contrary.

71.   <u>Custody of Settlement Fund.</u>  The Settlement Fund shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the entirety of the Settlement Fund is distributed pursuant to this Settlement Agreement or returned to those who paid the Settlement Fund in the event this Settlement Agreement is voided, terminated or cancelled. In the event this Settlement Agreement is voided, terminated or cancelled for any reason: (i) the Class Representatives and Class Counsel shall have no obligation to repay any of the Administrative Expenses that have been paid or incurred in accordance with Section IV.F.; (ii) any amounts remaining in the Settlement Fund after payment of Administrative Expenses paid or incurred in accordance with Section IV.F. of this Agreement, including all interest earned on the Settlement Fund

net of any Taxes, shall be returned to the Defendants who paid the Settlement Fund in the same proportions as their respective contributions to the Settlement Fund; and (iii) no other person or entity shall have any further claim whatsoever to such amounts.

72.    Non-Reversionary.    This Settlement is not a reversionary settlement.  As of the Effective Date, all rights of Defendants in or to the Settlement Fund shall be extinguished, except in the event this Settlement Agreement is voided, cancelled or terminated, as described Paragraph IV.D.71 and Section IV.J in this Agreement.  In the event the Effective Date occurs, no portion of the Settlement Fund shall be returned to Defendants, or either of them.

73.    Use of the Settlement Fund.    As further described in this Agreement, the Settlement Fund shall be used by the Settlement Administrator to pay for: (i) all Administrative Expenses; (ii) any Taxes; (iii) any Service Awards; (iv) any Fee Award and Costs; (v) the cost of the Credit Monitoring and Identity Theft Insurance Services; (vi) all Subclass Payments to members of the California Subclass and Illinois Subclass; (vii) any Out-of-Pocket Costs Payments, Documented Time Payments, and Default Time Payments pursuant to the terms and conditions of Paragraph IV.E.80. of this Agreement; and (viii) any other Settlement Benefits.

74.    Financial Account.    The Settlement Fund shall be an account established and administered by the Settlement Administrator at a financial institution approved by Class Counsel and Defendants, and, shall be maintained as a qualified settlement fund pursuant to Treasury Regulation § 1.468 B-1, *et seq.*

75.    Payment/Withdrawal Authorization.    No amounts from the Settlement Fund may be withdrawn unless (i) expressly authorized by the Settlement Agreement or (ii) approved by the Court.  Class Counsel may authorize the periodic payment of actual reasonable Administrative Expenses from the Settlement Fund as such expenses are invoiced without further order of the Court.  The Settlement Administrator shall provide Class Counsel and Defendants with notice of any

withdrawal or other payment the Settlement Administrator proposes to make from the Settlement Fund before the Effective Date at least seven Business Days prior to making such withdrawal or payment.

76.    <u>Payments to Class Members.</u>   The Settlement Administrator, subject to such supervision and direction of the Court and/or Class Counsel as may be necessary or as circumstances may require, shall administer and/or oversee distribution of the Settlement Fund to Settlement Class Members pursuant to this Agreement.   The Settlement Administrator and Class Counsel are responsible for communicating with Settlement Class Members regarding the distribution of the Settlement Fund and amounts paid under the Settlement.

77.    <u>Treasury Regulations & Fund Investment.</u>  The Parties agree that the Settlement Fund is intended to be maintained as a qualified settlement fund within the meaning of Treasury Regulation § 1.468 B-1, and that the Settlement Administrator, within the meaning of Treasury Regulation § 1.468 B-2(k)(3), shall be responsible for filing tax returns and any other tax reporting for or in respect of the Settlement Fund and paying from the Settlement Fund any Taxes owed with respect to the Settlement Fund. The Parties agree that the Settlement Fund shall be treated as a qualified settlement fund from the earliest date possible and agree to any relation-back election required to treat the Settlement Fund as a qualified settlement fund from the earliest date possible.  Any and all funds held in the Settlement Fund shall be held in an interest-bearing account insured by the Federal Deposit Insurance Corporation ("FDIC") at a financial institution determined by the Settlement Administrator and approved by the Parties.  Funds may be placed in a non-interest bearing account as may be reasonably necessary during the check clearing process. The Settlement Administrator shall provide an accounting of any and all funds in the Settlement Fund, including any interest accrued thereon and payments made pursuant to this Agreement, upon request of any of the Parties.

78.    <u>Taxes.</u>  All Taxes relating to the Settlement Fund shall be paid

**CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE**

out of the Settlement Fund, shall be considered to an Administrative Expense, and shall be timely paid by the Settlement Administrator without prior order of the Court. Further, the Settlement Fund shall indemnify and hold harmless the Parties and their counsel for Taxes (including, without limitation, taxes payable by reason of any such indemnification payments). The Parties and their respective counsel have made no representation or warranty with respect to the tax treatment by any Class Representative or any Settlement Class Member of any payment or transfer made pursuant to this Agreement or derived from or made pursuant to the Settlement Fund. Each Class Representative and Settlement Class Member shall be solely responsible for the federal, state, and local tax consequences to him, her or it of the receipt of funds from the Settlement Fund pursuant to this Agreement.

79.   Limitation of Liability.

a.   The Defendants and their counsel shall not have any responsibility for or liability whatsoever with respect to (i) any act, omission or determination of Class Counsel, the Settlement Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the management, investment or distribution of the Settlement Fund; (iii) the formulation, design or terms of the disbursement of the Settlement Fund; (iv) the determination, administration, calculation or payment of any claims asserted against the Settlement Fund; (v) any losses suffered by, or fluctuations in the value of the Settlement Fund; or (vi) the payment or withholding of any Taxes, expenses and/or costs incurred in connection with the taxation of the Settlement Fund or the filing of any returns. Defendants also shall have no obligation to communicate with Class Members and others regarding amounts paid under the Settlement.

b.   The Class Representatives and Class Counsel shall not have any liability whatsoever with respect to (i) any act, omission or determination of the Settlement Administrator, or any of their respective designees or agents, in

connection with the administration of the Settlement or otherwise; (ii) the management, investment or distribution of the Settlement Fund; (iii) the formulation, design or terms of the disbursement of the Settlement Fund; (iv) the determination, administration, calculation or payment of any claims asserted against the Settlement Fund; (v) any losses suffered by or fluctuations in the value of the Settlement Fund; or (vi) the payment or withholding of any Taxes, expenses and/or costs incurred in connection with the taxation of the Settlement Fund or the filing of any returns.

c.      The Settlement Administrator shall indemnify and hold Class Counsel, the Settlement Class, Class Representatives harmless for (i) any act or omission or determination of the Settlement Administrator, or any of Settlement Administrator's designees or agents, in connection with the Notice Plan and the administration of the Settlement; (ii) the management, investment or distribution of the Settlement Fund; (iii) the formulation, design or terms of the disbursement of the Settlement Fund; (iv) the determination, administration, calculation or payment of any claims asserted against the Settlement Fund; (v) any losses suffered by, or fluctuations in the value of the Settlement Fund; or (vi) the payment or withholding of any Taxes, expenses and/or costs incurred in connection with the taxation of the Settlement Fund or the filing of any returns.

**E.      Settlement Benefits**

80.      Each Participating Settlement Class Member may qualify for the following:

a.      Credit Monitoring and Identity Theft Insurance Services. Each Participating Settlement Class Member will receive three years of the Credit Monitoring and Identity Theft Insurance Services.  The Credit Monitoring and Identity Theft Insurance Services will be provided by Identity Guard and is the "Individual Total Plan" (*see* www.identityguard.com/plans/total).  In the event that a Participating Settlement Class Member already maintains a subscription for the Individual Total Plan with Identity Guard, their service will be extended by three

1    years for no additional charge.  The Credit Monitoring and Identity Theft Insurance

2    Services will provide certain services to each Participating Settlement Class Member,

3    including: three Bureau near real-time Credit Monitoring; Monthly Credit Score;

4    High Risk Transaction Monitoring; Bank Account Monitoring; Dark Web

5    Monitoring; Threat alerts powered by IBM Watson; Mobile Apps for iOS & Android

6    devices $1,000,000 in identity theft insurance; Best in Class customer support &

7    victim assistance.

8                b.    Out-of-Pocket Costs Payment.  In addition to the Credit

9    Monitoring and Identity Theft Insurance Services, each Participating Settlement

10   Class Member may submit a claim for up to $10,000.00 for reimbursement of Out-

11   of-Pocket Costs ("Out-of-Pocket Costs Payment").  To receive an Out-of-Pocket

12   Costs Payment, a Settlement Class Member must choose to do so on their given

13   Claim Form and submit to the Settlement Administrator the following: (i) a valid

14   Claim Form electing to receive the Out-of-Pocket Costs Payment benefit; (ii) an

15   attestation regarding any actual and unreimbursed Out-of-Pocket Costs; and (iii)

16   Reasonable Documentation that demonstrates the Out-of-Pocket Costs to be

17   reimbursed.

18               c.    Documented Time Payment.  In addition to the Credit

19   Monitoring and Identity Theft Insurance Services and Out-of-Pocket Costs Payment,

20   each Participating Settlement Class Member may submit a claim for up to ten hours

21   of Documented Time at $30 per hour ("Documented Time Payment"). To receive a

22   Documented Time Payment, a Settlement Class Member must choose to do so on

23   their given Claim Form and submit to the Settlement Administrator the following:

24   (i) a valid Claim Form electing to receive the Documented Time Payment benefit;

25   (ii) an attestation regarding the Documented Time; and (iii) Reasonable

26   Documentation that demonstrates their Documented Time.  In the event a

27   Participating Settlement Class Member's claim for Documented Time is rejected by

28   the Settlement Administrator, the Participating Settlement Class Member will be

entitled to receive a Default Time Payment (defined in and pursuant to the terms and condition of Paragraph IV.D.80. of this Agreement).

           **d.**    <u>Default Time Payment</u>.  In addition to Credit Monitoring and Identity Theft Insurance Services and Out-of-Pocket Costs Payment, each Participating Settlement Class Member is entitled to receive a payment for three hours of Default Time at $30 per hour ("Default Time Payment"). To receive a Default Time Payment, a Settlement Class Member must either submit a valid Claim Form to the Settlement Administrator, or, for members of the California Subclass or Illinois Subclass, cash or deposit a check for a Subclass Payment. Class Members will be notified in the Long Form Notice and Summary Notice that the act of submitting a Claim Form to the Settlement Administrator (via U.S. Mail or through the Settlement Website), constitutes a representation by the Participating Settlement Class Member that they expended time in addressing, attempting to remedy, or remedying issues fairly traceable to the Data Breach.  A Participating Settlement Class Member may not receive Default Time in addition to Documented Time.  A valid claim for Documented Time rejected by the Settlement Administrator will automatically qualify for a Default Time Payment.

           **e.**    <u>Subclass Payment for Members of the California Subclass and Illinois Subclass</u>. In addition to Credit Monitoring and Identity Theft Insurance Services, Out-of-Pocket Costs Payment, and either Documented Time Payment or Default Time Payment, each Participating Settlement Class Member who is a member of the California Subclass and/or Illinois Subclass will receive a check for approximately $150 from the Subclass Payment Settlement Fund for the claims brought under the California Confidentiality of Medical Information Act, Cal. Civ. Code § 56 *et seq*., and the Illinois Genetic Information Privacy Act, 410 Ill. Comp. Stat. Ann. 513/15, respectively ("Subclass Payment"). A Subclass Payment will automatically be mailed to all members of the California Subclass and Illinois Subclass, regardless of whether the Settlement Class Member submits a valid Claim

**CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE**

Form, as long as they were a California or Illinois citizen or resident during the Settlement Class Period as reflected on the Settlement Class List, or they provide Reasonable Documentation demonstrating that they were a citizen or resident of California or Illinois during the Settlement Class Period.  A Settlement Class Member may not receive more than one Subclass Payment, even if they were both a citizen or resident of California and Illinois during the Settlement Class Period. The act of cashing or depositing a Subclass Payment constitutes a submission of a claim for Default Time by the Settlement Class Member, unless that Settlement Class Member submits a Claim Form seeking a Documented Time Payment.

81.     <u>PayPal.</u>  Participating Settlement Class Members will be provided the option to receive any Settlement Payment due to them pursuant to the terms of this Agreement *via* PayPal (and other electronic means made available by the Settlement Administrator).  In the event Participating Settlement Class Members do not exercise this option, they will receive their given Settlement Payment *via* a physical check sent by U.S. Mail.

82.     <u>Deadline to File Claims.</u>  Claim Forms for Credit Monitoring and Identity Theft Insurance Services, Out-of-Pockets Costs, Documented Time, and/or Default Time, must be received within 90 days after the Notice Date.

83.     <u>Deadline to Submit Reasonable Documentation for a Subclass Payment.</u>  Reasonable Documentation demonstrating a Settlement Class Member was a California or Illinois citizen or resident during the Settlement Class Period must be received within ninety (90) days after the Notice Date.  Proof of California or Illinois citizenship or residency cannot be documented solely by a personal certification, declaration or affidavit from the Claimant; a Settlement Class Member must provide supporting documentation.

84.     <u>The Settlement Administrator.</u>   The Settlement Administrator shall have the authority to determine whether a Claim Form is valid, timely, and complete, and to what extent a Claim Form electing to receive an Out-of-Pocket

Costs Payment and/or Documented Time Payment reflects valid Out-of-Pocket Costs and/or Documented Time. Any Out-of-Pocket Costs or Documented Time shall be deemed fairly traceable to the Data Breach by the Settlement Administrator if the Out-of-Pocket Costs or Documented Time occurred on or after January 22, 2020, and the Settlement Administrator determines the Out-of-Pocket Costs and Documented Time incurred are related to the type of PHI and PII disclosed in the Data Breach. To the extent, the Settlement Administrator determines a claim for a Out-of-Pocket Costs Payment and/or Documented Time Payment submitted through a Claim Form is deficient, within ten (10) days of making such a determination, the Settlement Administrator shall notify the Claimant of the deficiencies and that Claimant shall have thirty (30) days to cure the deficiencies and re-submit the claim. The Settlement Administrator shall exercise reasonable discretion to determine whether the Claimant has cured the deficient claim such that it reflects valid Out-of-Pocket Costs and/or Expended Time that are fairly traceable to the Data Breach. If the Claimant fails to cure the deficiency, the Settlement Administrator shall have no obligation to make the Out-of-Pocket Costs Payment or Documented Time Payment to that Claimant. If the Claimant fails to cure the deficiency, the Settlement Administrator shall treat the claim for Documented Time as a claim for Default Time. The Settlement Administrator shall also have the authority to determine whether the Reasonable Documentation submitted by a Settlement Class Member in support of their claim that they were a California or Illinois citizen or resident during the Settlement Class Period is valid, timely, and complete, and to what extent the Reasonable Documentation reflects a Subclass Payment should be provided to that Settlement Class Member. To the extent, the Settlement Administrator determines the Reasonable Documentation in support of a Subclass Payment claim is deficient, within ten (10) days of making such a determination, the Settlement Administrator shall notify the Settlement Class Member of the deficiencies and that the Settlement Class Member shall have thirty (30) days to cure the deficiencies and re-submit the

claim. The Settlement Administrator shall exercise reasonable discretion to determine whether the Settlement Class Member has cured the deficient claim such that it reflects that the Settlement Class Member was a California or Illinois citizen or resident during the Settlement Class Period.  If the Settlement Class Member fails to cure the deficiency, the Settlement Administrator shall have no obligation to make a Subclass Payment to that Settlement Class Member.

85.    Timing of Settlement Benefits.  Within ninety (90) days after: (i) the Effective Date; or (ii) all Claim Forms have been processed subject to the provisions of Paragraph IV.F.94. of this Agreement, whichever date is later, the Settlement Administrator shall cause funds to be distributed to members of the California Subclass and Illinois Subclass receiving Subclass Payments.  Members of the California Subclass and Illinois Subclass shall have ninety (90) days to cash or deposit their check for a Subclass Payment.  Within thirty (30) days of the date in which all Subclass Payments must be cashed or deposited, the Settlement Administrator shall determine the amount of funds remaining in the Net Settlement Funds and shall cause funds to be distributed to Participating Settlement Class Members with Approved Claims. No later than fifteen (15) days after the Effective Date, the Settlement Administrator shall provide Identity Guard a list of Participating Settlement Class Members electing to receive the Credit Monitoring and Identity Theft Insurance Services, including their names and email addresses. Within thirty (30) days of the Effective Date, Identity Guard shall make best efforts to provide Participating Settlement Class Members with enrollment instructions for the Service. Best efforts shall include, at a minimum, an email to Participating Settlement Class Members with instructions on enrolling for the Services.

86.    Order of Distribution of Funds.  The Settlement Administrator must first use the available Net Settlements Funds to make Subclass Payments to all members of the California Subclass and Illinois Subclass. The Settlement Administrator shall then utilize the remaining funds to first make all Out-of-Pocket

Costs Payments, then to make all Documented Time Payments and Default Time Payments.  Settlement Class Members who receive a Subclass Payment, an Out-of-Pocket Costs Payment, a Documented Time Payment, and/or a Default Time Payment, by physical check, shall have ninety (90) days following distribution to deposit or cash their check.  Participating Settlement Class Members who receive the Credit Monitoring and Identity Theft Insurance Services shall have ninety (90) days following distribution of the enrollment instructions to sign up for the services.

87.   <u>Pro-Rata Contingencies</u>.

a.   In the event that the aggregate amount of all Out-of-Pocket Costs Payments exceeds the total amount of the Net Settlement Fund after the Damage Payment Settlement Fund has been funded, then the value of the Out-of-Pocket Costs Payment to be paid to each Participating Settlement Class Member shall be reduced on a pro rata basis, such that the aggregate value of all Out-of-Pocket Payments does not exceed the Net Settlement Fund.  In such an event, no Net Settlement Funds will be distributed to Approved Claims for Documented Time or Default Time.

b.   In the event that (i) the aggregate amount of all Out-of-Pocket Costs Payments does not exceed the Net Settlement Fund, and (ii) the aggregate amount of all Documented Time Payments and Default Time Payments is greater than the Net Settlement Fund, less the aggregate amount of the Out-of-Pocket Costs Payments, then the value of each Participating Settlement Class Members' Documented Time Payment and Default Time Payment shall be reduced on a pro rata basis, equally, such that the aggregate value of all Out-of-Pocket Costs Payments, Documented Time Payment, and Default Time Payments does not exceed the Net Settlement Fund.

c.   In the event that the aggregate amount of all Subclass Payments exceeds the total amount of the Damage Payment Settlement Fund, then the value of the Subclass Payment to be paid to each member of the California

Subclass and Illinois Subclass shall be reduced on a pro rata basis, such that the aggregate value of all Damage Payments does not exceed the amount of the Subclass Payment Settlement Fund.

           d.     All pro rata determinations required by this Paragraph shall be performed by the Settlement Administrator.

           88.    <u>Residual Funds of Subclass Payment Settlement Fund.</u>  To the extent any monies remain in the Subclass Payment Settlement Fund more than ninety (90) days after the distribution of Subclass Payments to the members of the California Subclass and Illinois Subclass, the remaining Subclass Payment Settlement Fund will be returned to the Net Settlement Fund to be used in accordance with Paragraph IV.D.86 and IV.D.89 of this Agreement.

           89.    <u>Residual Funds for Net Settlement Fund.</u> To the extent any monies remain in the Net Settlement Fund more than 120 days after the distribution of Settlement Payments to the Participating Settlement Class Members, a subsequent Settlement Payment will be evenly made to all Participating Settlement Class Members with Approved Claims who cashed or deposited their Settlement Payment provided that the average payment amount is equal to or greater than Five Dollars and No Cents ($5.00).  The distribution of this remaining Net Settlement Fund shall continue until the average payment amount in a distribution is less than Five Dollars and No Cents ($5.00).  In the event that a subsequent Settlement Payment made to Participating Members would exceed Five Hundred Dollars and No Cents ($500.00), then the Parties will seek guidance from the Court on how to disburse the remaining Net Settlement Fund.  If the average payment amount in a distribution would be less than Five Dollars and No Cents ($5.00), the remaining Net Settlement Fund will be used to extend the Credit Monitoring and Identity Theft Insurance Services to Participating Settlement Class Members receiving that benefit for as long as possible. Any amount remaining in the Net Settlement Fund after said extension is accomplished, if any, shall be distributed to the Non-Profit Residual Recipient.

**CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE**

90.   <u>Returned Checks.</u>  For any Settlement Payment returned to the Settlement Administrator as undeliverable (including, but not limited to, when the intended recipient is no longer located at the address), the Settlement Administrator shall make reasonable efforts to find a valid address and resend the Settlement Payment within thirty (30) days after the check is returned to the Settlement Administrator as undeliverable.  The Settlement Administrator shall only make one attempt to resend a Settlement Payment.

91.   <u>Residue of Settlement Fund.</u>  No portion of the Settlement Fund shall revert or be repaid to Defendants after the Effective Date.  Any residual funds remaining in the Net Settlement Fund, after all Administrative Expenses, Taxes, costs associated with the Credit Monitoring and Identity Theft Insurance Services, payment to Approved Claims have been paid (or set aside for such purposes), shall be distributed to Non-Profit Residual Recipient.

92.   <u>Additional Settlement Benefits to the Class.</u>  The Parties agree, and hereby stipulate, that Plaintiffs, Class Counsel, and this litigation were a substantial factor for the following remedial efforts taken by Defendants, which are estimated to have cost Ambry an amount in excess of $800,000, and potentially up to $1.4 million:

a.   notice to Class Members of the Data Breach, including offering one year of credit monitoring services;

b.   complete investigation into the cause and scope of the Data Breach;

c.   additional security-related measures to ensure continued compliance with state and federal authorities;

d.   enhancing policies, procedures, and training to staff on how to appropriately manage PHI;

e.   continuing annual security-awareness training and individual training to certain employees and individuals handling PHI;

f.     enhancing restrictions in the company to access to PHI, and continuing to require that Ambry's Chief Compliance Officer or the Chief Compliance Officer's delegate(s) approve employee access to PHI by employee type and/or by employee;

g.     instituting prominent red-flag warnings for emails that come from an external source;

h.     enhanced security applications, by replacing old applications and adding additional security systems; and

i.     retaining vendors that ensure Ambry meets all SOC 2-certification requirements, perform third-party risk assessments, penetration testing, and phish-testing emails to all employees.

93.    <u>Total Settlement Value.</u>   Given the amount of the Settlement Fund, the provision of at least three years of Credit Monitoring and Identity Theft Insurance Services to Class Members, and the improvements to Defendants' data security practices that resulted from this Action, Plaintiffs and Proposed Class Counsel's current estimation, which is not opposed by Defendants, of the total value of the settlement benefits offered to the Proposed Class is in excess of $14 Million. The actual value of the Settlement Benefits provided to the Class is $13,900,000 plus an additional $1,621,852.67 for every one percent (1%) of Class Members receiving Credit Monitoring and Identity Theft Insurance Services,[2] but before excluding the cost of Credit Monitoring and Identity Theft Insurance Services. For example, if four percent (4%) of the Settlement Class enrolls in Credit Monitoring and Identity Theft Insurance Services, the total value of the settlement benefits will be $20,387,410.68, but before excluding the cost of Credit Monitoring and Identity Theft Insurance Services. Therefore, the value of the settlement benefits offered is likely to exceed

_____

[2] The Credit Monitoring and Identity Theft Insurance Services is valued at $19.99 per month for each Participating Settlement Class Member receiving that benefit. *See* www.identityguard.com/plans/total.

**CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE**

$20 Million. The Settlement Value includes the $12,250,000.00 Settlement Fund and the minimum value of remedial efforts listed in Paragraph IV.E.92 and the Credit Monitoring and Identity Theft Insurance Services detailed in Paragraph IV.E.80.

 **F.**  **Settlement Administration**

   94. <u>Submission of Claims.</u>

    a. <u>Submission of Electronic and Hard Copy Claims</u>. Settlement Class Members may submit electronically verified Claim Forms to the Settlement Administrator through the Settlement Website, or may download Claim Forms to be filled out, signed, and submitted physically by mail to the Settlement Administrator.  Claim Forms must be submitted electronically or postmarked during the Claims Period and on or before the Claims Deadline.  The Settlement Administrator shall reject any Claim Forms that are incomplete, inaccurate, or not timely received and is not required to, but may, provide Claimants the ability to cure defective claims, unless otherwise noted in this Agreement.

    b. <u>Review of Claim Forms</u>.  The Settlement Administrator will review Claim Forms submitted by Settlement Class Members to determine whether they are eligible for a Settlement Payment.

   95. <u>Settlement Administrator's Duties</u>.

    a. <u>Cost Effective Claims Processing</u>.  The Settlement Administrator shall, under the supervision of the Court, administer the relief provided by this Agreement by processing Claim Forms in a rational, responsive, cost effective and timely manner, and calculate Settlement Payments in accordance with this Agreement.

    b. <u>Dissemination of Notices</u>.  The Settlement Administrator shall disseminate the Settlement Class Notice as provided for in this Agreement.  For any Settlement Class Notice that is returned to the Settlement Administrator as undeliverable (including, but not limited to, when the intended recipient is no longer located at the address), the Settlement Administrator shall make reasonable efforts to

find a valid address, including by performing a skip trace, and resend the Settlement Class Notice within thirty (30) days after the Settlement Class Notice is returned to the Settlement Administrator as undeliverable.

c.      <u>Maintenance of Records</u>.   The Settlement Administrator shall maintain reasonably detailed records of its activities under this Agreement. The Settlement Administrator shall maintain all such records as required by applicable law in accordance with its business practices and such records will be made available to Class Counsel and Defendants' Counsel upon request.   The Settlement Administrator shall also provide reports and other information to the Court as the Court may require.  Upon request, the Settlement Administrator shall provide Class Counsel and Defendants' Counsel with information concerning Notice, administration, and implementation of the Settlement.   Without limiting the foregoing, the Settlement Administrator shall:

i.      Receive Requests for Exclusion from Settlement Class Members and provide Class Counsel and Defendants' Counsel a copy thereof no later than five (5) days following the deadline for submission of the same.  If the Settlement Administrator receives any Requests for Exclusion or other requests from Settlement Class Members after expiration of the Opt-Out Period, the Settlement Administrator shall promptly provide copies thereof to Class Counsel and Defendants' Counsel.

ii.      Provide weekly or other periodic reports to Class Counsel and Defendants' Counsel that include, without limitation, reports regarding the number of Claim Forms received, the number of Claim Forms approved by the Settlement Administrator, and the categorization and description of Claim Forms rejected by the Settlement Administrator.  The Settlement Administrator shall also, as requested by Class Counsel or Defendants' Counsel and from time to time, provide the amounts remaining in the Net Settlement Fund.

**CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE**

1       iii.  Make available for inspection by Class Counsel and

2 Defendants' Counsel the Claim Forms and any supporting documentation received

3 by the Settlement Administrator at any time upon reasonable notice.

4       iv.  Cooperate with any audit by Class Counsel or

5 Defendants' Counsel, who shall have the right but not the obligation to review, audit,

6 and evaluate all Claim Forms for accuracy, veracity, completeness, and compliance

7 with the terms and conditions of this Agreement.

8     d.  <u>Creation and Maintenance of Settlement Website</u>. The

9 Settlement Administrator shall create the Settlement Website. The Settlement

10 Website shall contain information regarding how to submit Claim Forms (including

11 submitting Claims Forms electronically through the Settlement Website) and relevant

12 documents, including, but not limited to, the Long Form Notice, the Claim Form, this

13 Agreement, the Preliminary Approval Order entered by the Court, and the operative

14 complaint in the Action. The Settlement Website shall also include a toll-free

15 telephone number and mailing address through which Settlement Class Members

16 may contact the Settlement Administrator directly. The Settlement Website shall

17 also allow for submission of Requests of Exclusion electronically through the

18 Settlement Website.

19     e.  <u>Requests for Additional Information</u>. In the exercise of its

20 duties outlined in this Agreement, the Settlement Administrator shall have the right

21 to reasonably request additional information from the Parties or any Participating

22 Settlement Class Member.

23     f.  <u>Timing of Settlement Payments</u>. The Settlement

24 Administrator shall begin making all Settlement Payments contemplated in

25 Paragraphs IV.E.80. of this Agreement by either Pay Pal (or other electronic means

26 provided by the Settlement Administrator) or check and begin sending them,

27 consistent with Paragraphs IV.E.85. to Participating Settlement Class Members,

28 within ninety (90) days after: (i) the Effective Date; or (ii) all Claim Forms have been

**CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE**

processed subject to the provisions of Paragraph IV.F.94. of this Agreement, whichever date is later.

### G.    Settlement Class Notice

96.    <u>Direct Notice</u>.    Within fourteen days after the date of the Preliminary Approval Order, Defendant shall provide the Settlement Class List to the Settlement Administrator.

97.    Because the Settlement Class List will be provided to the Settlement Administrator solely for purposes of providing the Class Notice and Settlement Benefits and processing opt-out requests, the Settlement Administrator will execute a confidentiality and non-disclosure agreement with Defendants, Defense Counsel, and Class Counsel and will ensure that any information provided to it by Settlement Class Members, Class Counsel, Plaintiffs' Counsel, Defense Counsel, or Defendants, including the Class Member Information, will be secure and used solely for the purpose of effecting this Settlement.

98.    Within 21 days after receipt of Settlement Class List, the Settlement Administrator shall disseminate the Summary Notice to the members of the Settlement Class *via* U.S. Mail.  Settlement Class Members may simply mail the Claim Form attached to the Summary Notice, or use the unique class member identifier contained in the Notice to log on the Settlement Website and either download a Claim Form or submit the Claim Form online.   The Settlement Administrator shall use other reasonable fraud-prevention mechanisms to prevent (i) submission of Claim Forms by persons other than potential Settlement Class Members, and (ii) submission of more than one Claim Form per person.  In the event a Claim Form is submitted without a unique class member identifier the Settlement Administrator shall employ reasonable effort to ensure that the Claim is valid.

99.    <u>Email Reminders.</u>  For any Settlement Class Member for whom the Settlement Administrator has an email address, and who has not submitted a valid Claim Form, the Settlement Administrator shall transmit periodic email reminders of

the opportunity to file a Claim Form prior to the Claim Deadline.

100. <u>Settlement Website</u>. Prior to any dissemination of the Summary Notice, within 21 days after Preliminary Approval of this Agreement, including the form and content of the Settlement Class Notice, and prior to the Notice Date, the Settlement Administrator shall cause the Settlement Website to be launched on the Internet in accordance with this Agreement.

101. <u>Contents of the Long Form Notice</u>. The Long Form Notice shall, *inter alia*, (i) specify the deadline for Settlement Class Members to submit Requests for Exclusion from, object to, or otherwise comment upon the Settlement by day, month, and year, and state that any objection to this Agreement, and any papers submitted in support of said objection, will only be considered by the Court at the Fairness Hearing if, on or before the deadline to opt-out of, object to, or otherwise comment upon the Settlement, the Person making the objection files copies of such papers he or she proposes to submit for consideration at the Fairness Hearing with the Clerk of the Court and delivers copies of the same by mail, hand, or overnight delivery service to both Class Counsel and Defendants' Counsel; (ii) contain instructions on how to submit a Claim Form; (iii) note the deadline for Settlement Class Members to submit Claim Forms; and (iv) note the date, time and location of the Fairness Hearing. A copy of the Long Form Notice is attached hereto as **Exhibit E** hereto.

102. <u>Substitute Notice.</u> Throughout the Claims Period, Ambry shall cause a conspicuous posting of this Settlement, including a link to the Settlement Website, to appear on some part of its website at https://www.ambrygen.com/. A conspicuous posting means one that is easily seen.

103. <u>Substitute Notice.</u> The Settlement Administrator shall implement an industry-standard digital media notice campaign to provide notice of the Settlement, including a link to the Settlement Website, through various ad exchanges and distributed across various websites and mobile apps (30-day duration).

### H.  Opt-Out Procedures

104.  Any Settlement Class Member may submit a Request for Exclusion from the Settlement at any time during the Opt-Out Period.  To be valid, the Request for Exclusion must be (i) submitted electronically on the Settlement Website, or (ii) postmarked or received by the Settlement Administrator on or before the end of the Opt-Out Period.  In the event the Settlement Class Members submit a Request for Exclusion to the Settlement Administrator *via* US Mail such Request for Exclusion must be in writing and must identify the case name *In re: Ambry Genetics Data Breach Litigation*, Case No. 8:20-cv-00791-CJC-KES; state the name, address and telephone number of the Settlement Class Members seeking exclusion; be physically signed by the Person(s) seeking exclusion; and must also contain a statement to the effect that "I/We hereby request to be excluded from the proposed Settlement Class in *In re: Ambry Genetics Data Breach Litigation*, Case No. 8:20-cv-00791-CJC-KES."   Any Person who elects to request exclusion from the Settlement Class shall not (i) be bound by any orders or Judgment entered in the Action, (ii) be entitled to relief under this Agreement, (iii) gain any rights by virtue of this Agreement, or (iv) be entitled to object to any aspect of this Agreement.  No Person may request to be excluded from the Settlement Class through "mass" or "class" opt-outs.

### I.  Objection and Comment Procedures

105.  Any Settlement Class Member may comment in support of or in opposition to the Settlement and may do so in writing, in person, or through counsel, at his or her own expense, at the Fairness Hearing.  Except as the Court may order otherwise, no objection to the Settlement shall be heard, and no papers, briefs, pleadings, or other documents submitted by any objector shall be received and considered by the Court unless such objector mails to the Court, or files through the Court's ECF system, a written objection with the caption *In re: Ambry Genetics Data Breach Litigation*, Case No. 8:20-cv-00791-CJC-KES, that includes:   (i) the

**CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE**

Settlement Class Member's full name, current mailing address,  and telephone number; (ii) a signed statement that he or she believes himself or herself to be a member of the Settlement Class; (iii) the specific grounds for the objection; (iv) all documents or writings that the Settlement Class Member desires the Court to consider; and (v) a statement regarding whether they (or counsel of their choosing) intend to appear at the Fairness Hearing.  All written objections must be postmarked or filed no later than the Objection Deadline. Any objector who fails to object in the manner prescribed herein shall be deemed to have waived his or her objections and forever be barred from making any such objections in the Action or in any other action or proceeding.

### J.     Modification or Termination of the Agreement

106.    The Class Representatives collectively (on behalf of the Settlement Class Members) and Defendants shall have the right to terminate this Agreement by providing written notice of their or its election to do so ("Termination Notice") within seven (7) days of: (1) the Court's refusal to grant Preliminary Approval of the Agreement in any material respect; or (2) within 14 days of any of the following: (i) the Court's refusal to enter the Judgment in any material respect, or (ii) the date upon which the Judgment is modified or reversed in any material respect by any appellate or other court.



**CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE**

1

2

3        108.   In addition, the terms and provisions of this Agreement may be

4   amended, modified, or expanded by written agreement of the Parties and approval of

5   the Court; provided, however, that, after entry of the Preliminary Approval Order,

6   the Parties may, by written agreement, effect such amendments, modifications, or

7   expansions of this Agreement and its implementing documents (including all exhibits

8   hereto) without further notice to the Settlement Class or approval by the Court if such

9   changes are consistent with the Court's Preliminary Approval Order and do not

10  materially alter, reduce, or limit the rights of Settlement Class Members under this

11  Agreement.

12       109.   In the event that a party exercises his/her/its option to withdraw

13  from, rescind, revoke, and/or terminate this Agreement pursuant to any provision

14  herein, then the Settlement proposed herein shall become null and void (with the

15  exception of Paragraphs IV.D.71. herein) and shall have no legal effect and may

16  never be mentioned at trial or in dispositive or class motions or motion papers (except

17  as necessary to explain the timing of the procedural history of the Action), and the

18  Parties will return to their respective positions existing immediately before the

19  execution of this Agreement.

20       110.   Notwithstanding any provision of this Agreement, in the event

21  this Agreement is not approved by any court, or terminated for any reason, or the

22  Settlement set forth in this Agreement is declared null and void, or in the event that

23  the Effective Date does not occur, Settlement Class Members, Plaintiffs, and Class

24  Counsel shall not in any way be responsible or liable for any of the Administrative

25  Expenses, or any expenses, including costs of notice and administration associated

26  with this Settlement or this Agreement, except as set forth above and that each Party

27  shall bear its own attorneys' fees and costs.

28  ///

**CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE**

1

**K.** **Service Awards**

2      111. Class Representatives and Class Counsel may seek Service

3   Awards to be awarded to the Class Representatives. Any requests for such awards

4   must be filed at least 21 days before the deadline for filing objections to the

5   Settlement. Defendants agree not to oppose requests for Service Awards to the extent

6   they do not exceed Two Thousand Five Hundred and No Cents ($2,500.00) per Class

7   Representative.

8      112. The Settlement Administrator shall pay the Service Awards

9   approved by the Court to the Class Representatives from the Settlement Fund. Such

10   Service Awards shall be paid by the Settlement Administrator, in the amount

11   approved by the Court, five (5) Business Days after the Effective Date.

12      113. In the event the Court declines to approve, in whole or in part, the

13   payment of the Service Awards in the amounts requested, the remaining provisions

14   of this Agreement shall remain in full force and effect. No decision by the Court, or

15   modification or reversal or appeal of any decision by the Court, concerning the

16   amount of Service Awards shall constitute grounds for cancellation or termination of

17   this Agreement.

18

**L.** **Fee Award and Costs**

19      114. Class Counsel may file a motion for an award of the Fee Award

20   and Costs to be paid from the Settlement Fund. The motion must be filed at least 21

21   days before the deadline for filings objections to the Settlement. Defendants agree

22   not to oppose a request for an award of attorneys' fees that does not exceed Four

23   Million Nine Hundred Thousand Dollars and No Cents ($4,900,000.00) and

24   Litigation Expenses. Prior to the disbursement or payment of the Fee Award and

25   Costs under this Agreement, Class Counsel shall provide to Defendants and the

26   Settlement Administrator a properly completed and duly executed IRS Form W-9.

27   Fee Award and Costs shall be paid by the Settlement Administrator, in the amount

28   approved by the Court, five Business Days after the Effective Date.

CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

115.   Unless otherwise ordered by the Court, Class Counsel shall have the sole and absolute discretion to allocate any approved Fee Award and Costs amongst Plaintiffs' Counsel and any other attorneys for Plaintiffs.  Defendants shall have no liability or other responsibility for allocation of any such attorneys' fees and costs.

116.   The Settlement is not conditioned upon the Court's approval of the Fee Award and Costs or the Service Awards.

**M.   Judgment**

117.   This Agreement is subject to and conditioned upon the issuance by the Court of the Judgment, which will grant final approval of this Agreement and among other things shall:

a.     Dismiss the Action with prejudice and without costs, except as contemplated by this Agreement;

b.     Decree that neither the Judgment nor this Agreement constitutes an admission by the Defendants of any liability or wrongdoing whatsoever;

c.     Bar and enjoin all Releasing Parties from asserting against any of the Released Parties any and all Released Claims;

d.     Release each Released Party from any and all Released Claims;

e.     Determine that this Agreement is entered into in good faith and represents a fair, reasonable, and adequate settlement that is in the best interests of the members of the Settlement Class; and

f.     Preserve the Court's continuing and exclusive jurisdiction over the Parties to this Agreement, including Defendants and all Participating Settlement Class Members, to administer, supervise, construe, and enforce this Agreement in accordance with its terms for the mutual benefit of the Parties, but without affecting the finality of the Judgment.

**CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE**

**N.** **Representations and Warranties**

118.   Each signatory to this Agreement represents and warrants (i) that he, she, or it has all requisite power and authority to execute, deliver and perform this Agreement and to consummate the transactions contemplated herein, (ii) that the execution, delivery and performance of this Agreement and the consummation by it of the actions contemplated herein have been duly authorized by all necessary corporate action on the part of each signatory, and (iii) that this Agreement has been duly and validly executed and delivered by each signatory, and constitutes its legal, valid and binding obligation.

**O.** **No Admission of Liability or Wrongdoing**

119.   This Agreement, whether or not consummated, and any negotiations, proceedings or agreements relating to this Agreement, and any matters arising in connection with settlement negotiations, proceedings, or agreements:

a.      Shall not be admissible in any action or proceeding for any reason, other than an action to enforce the terms hereof;

b.      Shall not be described as, construed as, offered or received against the Released Parties as evidence of and/or deemed to be  evidence of any presumption, concession, or admission by any Released Party of the truth of any fact alleged by Plaintiffs; the validity of any claim that has been or could have been asserted in the Action or in any litigation; the deficiency of any defense that has been or could have been asserted in the Action or in any  litigation; or any liability, negligence, fault, or wrongdoing of any of the Released Parties; and

c.      Shall not be described as or construed against the Released Parties, Plaintiffs, or any Settlement Class Members as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been awarded to said Plaintiffs or the members of the Settlement Class after trial.

///

**CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE**

### P.    Miscellaneous Provisions

120.    <u>Entire Agreement</u>.  This Agreement, including all exhibits hereto, shall constitute the entire Agreement among the Parties with regard to the subject matter hereof and shall supersede any previous agreements, representations, communications and understandings among the Parties.  Each of the Parties to this Agreement acknowledges that no other Party to this Agreement, nor any agent or attorney of any such party, has made any promise, representation, or warranty, express or implied, not contained in this Agreement to induce either party to execute this Agreement.  Neither Party is relying on the other Party or their agents or attorneys and rather each Party decided to resolve the dispute in their own independent determination and judgment.  This Agreement may not be changed, modified, or amended except in writing signed by all Parties, subject to Court approval.  The Parties contemplate that, subject to Court approval or without such approval where legally permissible, the exhibits to this Agreement may be modified by subsequent Agreement of counsel for the Parties prior to dissemination of the Settlement Class Notice to the Settlement Class.

121.    <u>Governing Law</u>.  This Agreement shall be construed under and governed by the laws of the State of California, applied without regard to laws applicable to choice of law.

122.    <u>Execution by Counterparts</u>.  This Agreement may be executed by the Parties in one or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.  Facsimile signatures or signatures sent via email shall be treated as original signatures and shall be binding.

123.    <u>Notices</u>.  Any notice, instruction, application for Court approval or application for Court orders sought in connection with this Agreement or other document to be given by any Party to any other Party shall be in writing and delivered personally or sent by registered or certified mail, postage prepaid, if to Defendants to

the attention of Defendants' Counsel, or if to Plaintiffs or the Settlement Class to Class Counsel, or to other recipients as the Court may specify. All notices to the Parties or counsel required by this Agreement shall be made in writing and communicated by mail and email to the following addresses:

| If to Plaintiffs or Class Counsel: | If to Defendants or Defendant's Counsel: |
|---|---|
| Daniel S. Robinson<br>ROBINSON CALCAGNIE INC.<br>19 Corporate Plaza Dr.<br>Newport Beach, CA 92660<br><br>Tina Wolfson<br>AHDOOT & WOLFSON, PC<br>10728 Lindbrook Drive<br>Los Angeles, CA 90024<br><br>Jean Martin<br>MORGAN & MORGAN<br>201 N Franklin St, 7th Floor,<br>Tampa, FL 33602 | Craig J. Mariam<br>Michael Dailey<br>Hazel Pangan<br>GORDON REES SCULLY MANSUKHANI<br>633 West Fifth Street, 52nd Floor<br>Los Angeles, CA 90071 |

124.   <u>Binding Effect</u>.  This Agreement shall be binding upon and inure to the benefit of the heirs, successors, assigns, executors, and legal representatives of each of the Parties hereto.

125.   <u>Construction</u>.  For the purpose of construing or interpreting this Agreement, the Parties agree that this Agreement is to be deemed to have been drafted equally by all Parties hereto and shall not be construed strictly for or against any Party.

126.   <u>Severability</u>.  The waiver or breach by one Party of any provision of this Agreement shall not be deemed a waiver or breach of any other provision of this Agreement.

127.   <u>Integration of Exhibits</u>.  The exhibits to this Agreement and any exhibits thereto are an integral and material part of the Settlement and are hereby incorporated and made a part of the Agreement.

128.   <u>Headings</u>.   The headings contained in this Agreement are for

reference purposes only and shall not affect in any way the meaning or interpretation of this Agreement.

129.  <u>Taxability</u>. Defendants do not make and have not made any representations regarding the taxability of any Settlement Benefit, Fee Award, and/or any other payments made pursuant to this Agreement.  Plaintiffs, Class Representatives, and Class Counsel (on behalf of themselves and the Settlement Class Members) represent that that they have not relied upon any representation of any of the Defendants or their attorneys or the Settlement Administrator on the subject of taxability of any consideration provided under this Agreement.  Plaintiffs, Class Representatives, and Class Counsel (on behalf of themselves and the Settlement Class Members) understand and expressly agree that any income or other tax, including any interest, penalties or other payment obligations ultimately determined to be payable from or with respect to any Settlement Benefit, Fee Award, and/or any other payments made pursuant to this Agreement, as well as any state or federal reporting obligations imposed on them arising therefrom or attributable thereto, shall not be Defendants' responsibility.

130.  <u>Counterparts.</u>  The Settlement Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. A complete set of original executed counterparts shall be filed with the Court.

131.  <u>Deadlines.</u>  If any of the dates or deadlines specified herein falls on a weekend or legal holiday, the applicable date or deadline shall fall on the next business day.  All reference to "days" in this Agreement shall refer to calendar days, unless otherwise specified.  The Parties reserve the right, subject to the Court's approval, to agree to any reasonable extensions of time that might be necessary to carry out any of the provisions of this Agreement.

132.  <u>Dollar Amounts.</u>  All dollar amounts are in United States dollars, unless otherwise expressly stated.

**CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE**

1    **IN WITNESS WHEREOF**, each of the Parties hereto has caused this

2    Agreement to be executed on its behalf by its duly authorized counsel of record, all

3    as of the day set forth below:

4    Dated:  July 25, 2022                    GORDON REES SCULLY

5                                             MANSUKHANI LLP

6                                             _____
                                             Craig J. Mariam
7
                                             *Attorneys for Defendants*
8                                            *Ambry Genetics Corporation*

9

10

11   Dated:  7/21/22

12                                           _____
                                             Michelle Smith, Esq.
13                                           General Counsel
                                             Ambry Genetics Corporation
14

15

16
     Dated:  7/22/22                         ROBINSON CALCAGNIE, INC.
17

18                                           _____
                                             Daniel S. Robinson
19

20                                           AHDOOT & WOLFSON, PC

21

22                                           _____
                                             Tina Wolfson
23

24                                           MORGAN & MORGAN

25

26                                           _____
                                             Jean Martin
27

28                                           *Interim Co-Lead Counsel for the Class*

48
**CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE**

**IN WITNESS WHEREOF**, each of the Parties hereto has caused this Agreement to be executed on its behalf by its duly authorized counsel of record, all as of the day set forth below:

Dated:                                    GORDON REES SCULLY
                                          MANSUKHANI LLP

                                          _____
                                          Craig J. Mariam

                                          *Attorneys for Defendants*
                                          *Ambry Genetics Corporation*

Dated:
                                          _____
                                          Michelle Smith, Esq.
                                          General Counsel
                                          Ambry Genetics Corporation

Dated:  July 21, 2022                     ROBINSON CALCAGNIE, INC.

                                          _____
                                          Daniel S. Robinson

                                          AHDOOT & WOLFSON, PC

                                          _____
                                          Tina Wolfson

                                          MORGAN & MORGAN

                                          _____
                                          Jean Martin

                                          *Interim Co-Lead Counsel for the Class*

1    **IN WITNESS WHEREOF**, each of the Parties hereto has caused this

2    Agreement to be executed on its behalf by its duly authorized counsel of record, all

3    as of the day set forth below:

4    Dated:

5                                                      GORDON REES SCULLY
                                                      MANSUKHANI LLP
6    _____
                                                      Craig J. Mariam
7
8                                                      *Attorneys for Defendants*
                                                      *Ambry Genetics Corporation*
9

10

11   Dated:

12   _____
                                                      Michelle Smith, Esq.
13                                                    General Counsel
14                                                    Ambry Genetics Corporation

15

16
     Dated:                                           ROBINSON CALCAGNIE, INC.
17

18   _____
19                                                    Daniel S. Robinson

20                                                    AHDOOT & WOLFSON, PC
21

22   _____
                                                      Tina Wolfson
23

24                                                    MORGAN & MORGAN
25

26   _____
                                                      Jean Martin
27

28                                                    *Interim Co-Lead Counsel for the Class*

**CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE**

Dated:   07 / 19 / 2022

_____

Plaintiff Alma Fidela Circas

Dated:

_____

Plaintiff Kaitlyn Nakagoshi

Dated:

_____

Plaintiff Michelle Pascoe

Dated:

_____

Plaintiff Colette Domingues

Dated:

_____

Plaintiff Marion Farrier

Dated:

_____

Plaintiff Rosemary O'Hara

Dated:

_____

Plaintiff Michael Annoni

_____

Plaintiff Lisa Neumann

Dated:

Dated:

_____

Plaintiff Cheryl Terrano

Dated:

_____

Plaintiff Sandra Brodsky

Dated:

_____

Plaintiff Ariann Tagioli

**CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE**

Doc ID: b3e5a76f96f0b1fede6003e15d7cc54edd74d483

 **HELLOSIGN**

Audit Trail

| | |
|---|---|
| **TITLE** | Ambry Release |
| **FILE NAME** | 2022.07.14 Ambry ...ent Agreement.pdf |
| **DOCUMENT ID** | b3e5a76f96f0b1fede6003e15d7cc54edd74d483 |
| **AUDIT TRAIL DATE FORMAT** | MM / DD / YYYY |
| **STATUS** | ● Signed |

## Document History

| | | |
|---|---|---|
| **SENT** | **07 / 19 / 2022** 20:49:35 UTC | Sent for signature to Alma Cercas (almacercas3@gmail.com) from brenda@justice4you.com IP: 207.231.66.54 |
| **VIEWED** | **07 / 19 / 2022** 21:20:57 UTC | Viewed by Alma Cercas (almacercas3@gmail.com) IP: 104.55.226.75 |
| **SIGNED** | **07 / 19 / 2022** 21:21:38 UTC | Signed by Alma Cercas (almacercas3@gmail.com) IP: 104.55.226.75 |
| **COMPLETED** | **07 / 19 / 2022** 21:21:38 UTC | The document has been completed. |

Powered by **HELLOSIGN**

| | |
|---|---|
| Dated: | _____ |
| | Plaintiff Alma Fidela Circas |
| | |
| Dated: 7/21/22 | _____ |
| | Plaintiff Kaitlyn Nakagoshi |
| | |
| Dated: | _____ |
| | Plaintiff Michelle Pascoe |
| | |
| Dated: | _____ |
| | Plaintiff Colette Domingues |
| | |
| Dated: | _____ |
| | Plaintiff Marion Farrier |
| | |
| Dated: | _____ |
| | Plaintiff Rosemary O'Hara |
| | |
| Dated: | _____ |
| | Plaintiff Michael Annoni |
| | |
| Dated: | _____ |
| | Plaintiff Lisa Neumann |
| | |
| Dated: | _____ |
| | Plaintiff Cheryl Terrano |
| | |
| Dated: | _____ |
| | Plaintiff Sandra Brodsky |
| | |
| Dated: | _____ |
| | Plaintiff Ariann Tagioli |

49

CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

1

Dated:                                                    _____
                                                          Plaintiff Alma Fidela Circas
2

3
Dated:                                                    _____
                                                          Plaintiff Kaitlyn Nakagoshi
4

5
1/20/2020
6    Dated:                                               _____
                                                          Plaintiff Michelle Pascoe
7

8
Dated:                                                    _____
                                                          Plaintiff Colette Domingues
9

10

11   Dated:                                               _____
                                                          Plaintiff Marion Farrier
12

13
Dated:                                                    _____
                                                          Plaintiff Rosemary O'Hara
14

15

16   Dated:                                               _____
                                                          Plaintiff Michael Annoni
17

18
                                                          _____
19   Dated:                                               Plaintiff Lisa Neumann
20

21
Dated:                                                    _____
                                                          Plaintiff Cheryl Terrano
22

23

24   Dated:                                               _____
                                                          Plaintiff Sandra Brodsky
25

26
Dated:                                                    _____
                                                          Plaintiff Ariann Tagioli
27

28

49
**CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE**

1

Dated: _____

_____
Plaintiff Alma Fidela Circas

2

3

Dated: _____

_____
Plaintiff Kaitlyn Nakagoshi

4

5

6

Dated: _____

_____
Plaintiff Michelle Pascoe

7

8

07/20/2022
Dated: _____

*CMDomingues*

_____
Plaintiff Colette Domingues

9

10

11

Dated: _____

_____
Plaintiff Marion Farrier

12

13

14

Dated: _____

_____
Plaintiff Rosemary O'Hara

15

16

Dated: _____

_____
Plaintiff Michael Annoni

17

18

19

Dated: _____

_____
Plaintiff Lisa Neumann

20

21

22

Dated: _____

_____
Plaintiff Cheryl Terrano

23

24

Dated: _____

_____
Plaintiff Sandra Brodsky

25

26

27

Dated: _____

_____
Plaintiff Ariann Tagioli

28

**CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE**

DocuSign Envelope ID: D25DADB27 2BF9 4EF4 8646 BE9E224F7C37

1  Dated:
2
                                                    Plaintiff Alma Fidela Circas

3  Dated:
4
                                                    Plaintiff Kaitlyn Nakagoshi

5
6  Dated:
                                                    Plaintiff Michelle Pascoe

7
8  Dated:
                                                    Plaintiff Colette Domingues
9
10
11 Dated: 7/22/2022
                                                    Plaintiff Marion Farrier

12
13 Dated:
14
                                                    Plaintiff Rosemary O'Hara

15
16 Dated:
17
                                                    Plaintiff Michael Annoni

18
                                                    Plaintiff Lisa Neumann
19 Dated:
20
21 Dated:
22
                                                    Plaintiff Cheryl Terrano

23
24 Dated:
25
                                                    Plaintiff Sandra Brodsky

26
27 Dated:
                                                    Plaintiff Ariann Tagioli
28

49

**CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE**

Dated: _____                    _____
                                          Plaintiff Alma Fidela Circas

Dated: _____                    _____
                                          Plaintiff Kaitlyn Nakagoshi

Dated: _____                    _____
                                          Plaintiff Michelle Pascoe

Dated: _____                    _____
                                          Plaintiff Colette Domingues

Dated: _____                    _____
                                          Plaintiff Marion Farrier

Dated: _7/22/22_____                    _Rosemary O'Hara_____
                                          Plaintiff Rosemary O'Hara

Dated: _____                    _____
                                          Plaintiff Michael Annoni

Dated: _____                    _____
                                          Plaintiff Lisa Neumann

Dated: _____                    _____
                                          Plaintiff Cheryl Terrano

Dated: _____                    _____
                                          Plaintiff Sandra Brodsky

Dated: _____                    _____
                                          Plaintiff Ariann Tagioli

**CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE**

Dated: _____

Plaintiff Alma Fidela Circas

Dated: _____

Plaintiff Kaitlyn Nakagoshi

Dated: _____

Plaintiff Michelle Pascoe

Dated: _____

Plaintiff Colette Domingues

Dated: _____

Plaintiff Marion Farrier

Dated: _____

Plaintiff Rosemary O'Hara

Dated: 7-20-22

Plaintiff Michael Annoni

Dated: _____

Plaintiff Lisa Neumann

Dated: _____

Plaintiff Cheryl Terrano

Dated: _____

Plaintiff Sandra Brodsky

Dated: _____

Plaintiff Ariann Tagioli

49

**CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE**

1

2

Dated: _____

_____
Plaintiff Alma Fidela Circas

3

4

Dated: _____

_____
Plaintiff Kaitlyn Nakagoshi

5

6

7

Dated: _____

_____
Plaintiff Michelle Pascoe

8

9

Dated: _____

_____
Plaintiff Colette Domingues

10

11

12

Dated: _____

_____
Plaintiff Marion Farrier

13

14

15

Dated: _____

_____
Plaintiff Rosemary O'Hara

16

17

Dated: _____

_____
Plaintiff Michael Annoni

18

19

20

Dated: 7/22/2022

_____
Plaintiff Lisa Neumann

21

22

23

Dated: _____

_____
Plaintiff Cheryl Terrano

24

25

Dated: _____

_____
Plaintiff Sandra Brodsky

26

27

28

Dated: _____

_____
Plaintiff Ariann Tagioli

**CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE**

1

Dated: _____

2
_____
Plaintiff Alma Fidela Circas

3

Dated: _____

4
_____
Plaintiff Kaitlyn Nakagoshi

5

Dated: _____

6
_____
Plaintiff Michelle Pascoe

7

8

Dated: _____

9
_____
Plaintiff Colette Domingues

10

11

Dated: _____

12
_____
Plaintiff Marion Farrier

13

Dated: _____

14
_____
Plaintiff Rosemary O'Hara

15

16

Dated: _____

17
_____
Plaintiff Michael Annoni

18

19

Dated: _____

20
_____
Plaintiff Lisa Neumann

21

Dated: _____

22
_____
Plaintiff Cheryl Terrano

23

24

Dated: _____

25
_____
Plaintiff Sandra Brodsky

26

Dated: _____

27
_____
Plaintiff Ariann Tagioli

28

49

**CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE**

1    Dated:                          _____
                                     Plaintiff Alma Fidela Circas
2

3    Dated:                          _____
                                     Plaintiff Kaitlyn Nakagoshi
4

5                                    _____
                                     Plaintiff Michelle Pascoe
6    Dated:

7

8    Dated:                          _____
                                     Plaintiff Colette Domingues
9

10

11   Dated:                          _____
                                     Plaintiff Marion Farrier
12

13   Dated:                          _____
                                     Plaintiff Rosemary O'Hara
14

15

16   Dated:                          _____
                                     Plaintiff Michael Annoni
17

18                                   _____
                                     Plaintiff Lisa Neumann
19   Dated:

20

21   Dated:                          _____
                                     Plaintiff Cheryl Terrano
22

23                    7/20/2022      _̲S̲a̲n̲d̲r̲a̲ ̲B̲r̲o̲d̲s̲k̲y̲_____
24   Dated:                          Plaintiff Sandra Brodsky

25

26   Dated:                          _____
                                     Plaintiff Ariann Tagioli
27

28

                                 49

1

Dated: _____

_____
Plaintiff Alma Fidela Circas

2

3

Dated: _____

_____
Plaintiff Kaitlyn Nakagoshi

4

5

6

Dated: _____

_____
Plaintiff Michelle Pascoe

7

8

Dated: _____

_____
Plaintiff Colette Domingues

9

10

11

Dated: _____

_____
Plaintiff Marion Farrier

12

13

Dated: _____

_____
Plaintiff Rosemary O'Hara

14

15

16

Dated: _____

_____
Plaintiff Michael Annoni

17

18

19

Dated: _____

_____
Plaintiff Lisa Neumann

20

21

Dated: _____

_____
Plaintiff Cheryl Terrano

22

23

24

Dated: _____

_____
Plaintiff Sandra Brodsky

25

26

Dated: 07/21/2022

27

_____
Plaintiff Ariann Taglioli

28

49

**CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE**

1

Dated: _____        _____
                                      Plaintiff Debra Volk
2

3

Dated: _____        _____
                                      Plaintiff Beth Velardi
4

5

6                                      _____
                                      Plaintiff Rachel Harkness
Dated: _____
7

8
Dated: _____        _____
                                      Plaintiff Benjamin Cooperson, II
9

10

11   Dated: _____        _____
                                      Plaintiff Laura Jasielum
12

13

14   Dated: _____        _____
                                      Plaintiff Debera Hensley
15

16
Dated: _____        _____
                                      Plaintiff Linda Stewart
17

18

19   Dated: _____        _____
                                      Plaintiff Ann Hoekstra
20

21
Dated: _____        _____
                                      Plaintiff Rula Kanawati
22

23

24   Dated: _____        _____
                                      Plaintiff Elizabeth Nakogshi,
25                                      individually and as parent and guardian
                                      of E.N.
26
Dated: _____        _____
27                                      Plaintiff Jill Barduca

28

**CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE**

1    Dated: 7/21/2022 _____
                                    Plaintiff Debra Volk

2

3    Dated: _____    _____
                                    Plaintiff Beth Velardi
4

5

6                                   _____
     Dated: _____    Plaintiff Rachel Harkness
7

8    Dated: _____    _____
9                                   Plaintiff Benjamin Cooperson, II

10

11   Dated: _____    _____
                                    Plaintiff Laura Jasielum
12

13

14   Dated: _____    _____
                                    Plaintiff Debera Hensley
15

16   Dated: _____    _____
17                                  Plaintiff Linda Stewart

18

19   Dated: _____    _____
                                    Plaintiff Ann Hoekstra
20

21   Dated: _____    _____
22                                  Plaintiff Rula Kanawati

23

24   Dated: _____    _____
                                    Plaintiff Elizabeth Nakogshi,
25                                  individually and as parent and guardian
                                    of E.N.
26
     Dated: _____    _____
27                                  Plaintiff Jill Barduca

28

                                    50
**CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE**

1

Dated: _____
_____
Plaintiff Debra Volk

2

3

Dated: 7/21/2022
*Beth Velardi*
Plaintiff Beth Velardi

4

5

6

Dated: _____
_____
Plaintiff Rachel Harkness

7

8

Dated: _____
_____
Plaintiff Benjamin Cooperson, II

9

10

11

Dated: _____
_____
Plaintiff Laura Jasielum

12

13

14

Dated: _____
_____
Plaintiff Debera Hensley

15

16

Dated: _____
_____
Plaintiff Linda Stewart

17

18

19

Dated: _____
_____
Plaintiff Ann Hoekstra

20

21

Dated: _____
_____
Plaintiff Rula Kanawati

22

23

24

Dated: _____
_____
Plaintiff Elizabeth Nakogshi,
individually and as parent and guardian
of E.N.

25

26

Dated: _____
_____
Plaintiff Jill Barduca

27

28

50

1

2

Dated: _____

Plaintiff Debra Volk

3

4

Dated: _____

Plaintiff Beth Velardi

5

6

7

Dated: 7/22/2022

Plaintiff Rachel Harkness

8

9

Dated: _____

Plaintiff Benjamin Cooperson, II

10

11

12

Dated: _____

Plaintiff Laura Jasielum

13

14

15

Dated: _____

Plaintiff Debera Hensley

16

17

Dated: _____

Plaintiff Linda Stewart

18

19

20

Dated: _____

Plaintiff Ann Hoekstra

21

22

Dated: _____

Plaintiff Rula Kanawati

23

24

25

Dated: _____

Plaintiff Elizabeth Nakogshi, individually and as parent and guardian of E.N.

26

27

Dated: _____

Plaintiff Jill Barduca

28

**CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE**

1   Dated: _____        _____
                                      Plaintiff Debra Volk
2

3   Dated: _____        _____
                                      Plaintiff Beth Velardi
4

5

6                                     _____
    Dated: _____        Plaintiff Rachel Harkness
7

8   Dated: _____        _____
                                      Plaintiff Benjamin Cooperson, II
9

10                                    *Laura Jaselum* (signature)
11  Dated:  7-21-22                   _____
                                      Plaintiff Laura Jaselum
12

13

14  Dated: _____        _____
                                      Plaintiff Debera Hensley
15

16  Dated: _____        _____
                                      Plaintiff Linda Stewart
17

18

19  Dated: _____        _____
                                      Plaintiff Ann Hoekstra
20

21  Dated: _____        _____
                                      Plaintiff Rula Kanawati
22

23

24  Dated: _____        _____
                                      Plaintiff Elizabeth Nakogshi,
25                                    individually and as parent and guardian
                                      of E.N.
26  Dated: _____
27                                    _____
                                      Plaintiff Jill Barduca
28

                                      50
CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

1

Dated: _____

_____
Plaintiff Debra Volk

2

3

Dated: _____

_____
Plaintiff Beth Velardi

4

5

6

Dated: _____

_____
Plaintiff Rachel Harkness

7

8

Dated: _____

_____
Plaintiff Benjamin Cooperson, II

9

10

11

Dated: _____

_____
Plaintiff Laura Jasielum

12

7/19/2022

13

Dated: _____

_____
Plaintiff Debera Hensley

14

15

16

Dated: _____

_____
Plaintiff Linda Stewart

17

18

19

Dated: _____

_____
Plaintiff Ann Hoekstra

20

21

Dated: _____

_____
Plaintiff Rula Kanawati

22

23

24

Dated: _____

_____
Plaintiff Elizabeth Nakogshi, individually and as parent and guardian of E.N.

25

26

Dated: _____

_____
Plaintiff Jill Barduca

27

28

DocuSign Envelope ID: 2D505DB2-2763-4AA1-B8DF-B222AB648B6B

1

Dated: _____

                              _____
                              Plaintiff Debra Volk

2

3

Dated: _____

                              _____
                              Plaintiff Beth Velardi

4

5

6

Dated: _____

                              _____
                              Plaintiff Rachel Harkness

7

8

Dated: _____

                              _____
                              Plaintiff Benjamin Cooperson, II

9

10

Dated: _____

                              _____
                              Plaintiff Laura Jasielum

11

12

13

Dated: _____

                              _____
                              Plaintiff Debera Hensley

14

15

16

Dated: 7/22/2022

                              Linda Stewart
                              5A4DB74A8E5DF443
                              Plaintiff Linda Stewart

17

18

19

Dated: _____

                              _____
                              Plaintiff Ann Hoekstra

20

21

Dated: _____

                              _____
                              Plaintiff Rula Kanawati

22

23

24

Dated: _____

                              _____
                              Plaintiff Elizabeth Nakogshi,
                              individually and as parent and guardian
                              of E.N.

25

26

Dated: _____

                              _____
                              Plaintiff Jill Barduca

27

28

**CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE**

1

Dated: _____    _____
                                Plaintiff Debra Volk

2

3

Dated: _____    _____
                                Plaintiff Beth Velardi

4

5

6                               _____
                                Plaintiff Rachel Harkness
Dated: _____

7

8

Dated: _____    _____
                                Plaintiff Benjamin Cooperson, II

9

10

Dated: _____    _____
                                Plaintiff Laura Jasielum

11

12

13

14                              _____
                                Plaintiff Debera Hensley
Dated: _____

15

16                              _____
                                Plaintiff Linda Stewart
Dated: _____

17

18  07/21/22

19  Dated: _____   _____
                                Plaintiff Ann Hoekstra

20

21

Dated: _____    _____
                                Plaintiff Rula Kanawati

22

23

24  Dated: _____  _____
                                Plaintiff Elizabeth Nakogshi,
                                individually and as parent and guardian
25                              of E.N.

26

Dated: _____    _____
                                Plaintiff Jill Barduca

27

28

CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

Dated: _____  _____
Plaintiff Debra Volk

Dated: _____  _____
Plaintiff Beth Velardi

                                   _____
                                   Plaintiff Rachel Harkness
Dated: _____

Dated: _____  _____
                                   Plaintiff Benjamin Cooperson, II

Dated: _____  _____
                                   Plaintiff Laura Jasielum

                                   _____
                                   Plaintiff Debera Hensley
Dated: _____

Dated: _____  _____
                                   Plaintiff Linda Stewart

Dated: _____  _____
                                   Plaintiff Ann Hoekstra

Dated: July 19, 2022              _____
                                   Plaintiff Rula Kanawati

Dated: _____  _____
                                   Plaintiff Elizabeth Nakogshi,
                                   individually and as parent and guardian
                                   of E.N.

Dated: _____  _____
                                   Plaintiff Jill Barduca

50

**CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE**

1

Dated: _____

2                                        _____
                                         Plaintiff Debra Volk

3

Dated: _____

4                                        _____
                                         Plaintiff Beth Velardi

5

6                                        _____
                                         Plaintiff Rachel Harkness

Dated: _____

7

8

Dated: _____

9                                        _____
                                         Plaintiff Benjamin Cooperson, II

10

11

Dated: _____

12                                       _____
                                         Plaintiff Laura Jasielum

13

14                                       _____
                                         Plaintiff Debera Hensley

Dated: _____

15

16                                       _____
                                         Plaintiff Linda Stewart

Dated: _____

17

18

19                                       _____
                                         Plaintiff Ann Hoekstra

Dated: _____

20

21

22                                       _____
                                         Plaintiff Rula Kanawati

Dated: _____

23

24   Dated: 7/21/22                      _____
                                         Plaintiff Elizabeth Nakogshi,
25                                       individually and as parent and guardian
                                         of E.N.

26

Dated: _____

27                                       _____
                                         Plaintiff Jill Barduca

28

CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

Dated: _____

_____
Plaintiff Debra Volk

Dated: _____

_____
Plaintiff Beth Velardi

_____
Plaintiff Rachel Harkness

Dated: _____

Dated: _____

_____
Plaintiff Benjamin Cooperson, II

Dated: _____

_____
Plaintiff Laura Jasielum

_____
Plaintiff Debera Hensley

Dated: _____

_____
Plaintiff Linda Stewart

Dated: _____

Dated: _____

_____
Plaintiff Ann Hoekstra

Dated: _____

_____
Plaintiff Rula Kanawati

Dated: _____

_____
Plaintiff Elizabeth Nakogshi,
individually and as parent and guardian
of E.N.

Dated: _____

_____*Jill Barduca*_____*7/21/2022*____
Plaintiff Jill Barduca

**CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE**

1

2
Dated: _____     _____ 7/21/22
                           Plaintiff Jonee Coleman

3

4
Dated: _____     _____
                           Plaintiff Debora Pancoast

5

6
Dated: _____     _____
                           Plaintiff Nicole McMurphy

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE**

1

Dated: _____          _____
                                  Plaintiff Jonee Coleman
2

3

Dated: _____          _____
                                  Plaintiff Debora Pancoast
4

5

Dated: **Jul 21, 2022**           *Nicole McMurphy 02/08/2022*
                                  _____
6                                 Plaintiff Nicole McMurphy

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE**

# Ambry Settlement Agreement 2022.07.20

Final Audit Report                                                                    2022-07-21

| | |
|---|---|
| Created: | 2022-07-21 |
| By: | Carol Corneilse (ccorneilse@masonllp.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAA492ZkOTwkH1c4GSe3haV8CWPCX6pNNwX |

## "Ambry Settlement Agreement 2022.07.20" History

Document created by Carol Corneilse (ccorneilse@masonllp.com)
2022-07-21 - 5:58:44 PM GMT- IP address: 96.255.29.214

Document emailed to nicole lawton (nicoleclawton@gmail.com) for signature
2022-07-21 - 5:59:37 PM GMT

Email viewed by nicole lawton (nicoleclawton@gmail.com)
2022-07-21 - 6:00:59 PM GMT- IP address: 74.125.212.206

Document e-signed by nicole lawton (nicoleclawton@gmail.com)
Signature Date: 2022-07-21 - 6:50:44 PM GMT - Time Source: server- IP address: 174.202.76.146

Agreement completed.
2022-07-21 - 6:50:44 PM GMT

1

2      Dated: _____          _____
                                        Plaintiff Jonee Coleman
3      Dated: 7/25/2022               _____
                                        Plaintiff Debora Pancoast
4

5

6      Dated: _____          _____
                                        Plaintiff Nicole McMurphy
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Dated: _____

_____
Plaintiff Debra Volk

Dated: _____

_____
Plaintiff Beth Velardi

_____
Plaintiff Rachel Harkness

Dated: _____

Dated: 7/20/2022 ⟶ *Benjamin B. Cooperson II*
_____
Plaintiff Benjamin Cooperson, II

Dated: _____

_____
Plaintiff Laura Jasielum

Dated: _____

_____
Plaintiff Debera Hensley

Dated: _____

_____
Plaintiff Linda Stewart

Dated: _____

_____
Plaintiff Ann Hoekstra

Dated: _____

_____
Plaintiff Rula Kanawati

Dated: _____

_____
Plaintiff Elizabeth Nakogshi,
individually and as parent and guardian
of E.N.

Dated: _____

_____
Plaintiff Jill Barduca

CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE